# BakerHostetler

Baker&Hostetler LLP

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5403

T 202.861.1500
F 202.861.1783
www.bakerlaw.com

Jonathan R. Barr
direct dial: 202.861.1534
jbarr@bakerlaw.com

December 12, 2018

**VIA CM-ECF**

Honorable Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:   *United States v. Christopher Collins, et al.*, No. 18-cr-567 (VSB) (S.D.N.Y.)

Dear Judge Broderick:

Pursuant to the Court's order following the October 11, 2018 Status Conference in this matter, defendants Christopher Collins ("Rep. Collins"), Cameron Collins, and Stephen Zarsky (the "Defendants") submit this letter jointly with the Government (collectively, the "Parties") to provide the Court with an update on discovery and potential disputed issues in advance of the conference scheduled for December 18.

**STATUS OF DISCOVERY**

Since the October conference, the Parties have exchanged correspondence regarding discovery previously produced and additional requests for discovery. The Parties continue to engage in an ongoing dialogue in an effort to resolve remaining disputes.

On October 25, 2018, counsel for Rep. Collins wrote the Government regarding documents produced to the Government by a third party that potentially contained information protected by the attorney-client privilege. The Government replied on October 29, 2018, and this issue has since been amicably resolved with the Government agreeing to destroy copies of certain documents in order to avoid unnecessary motion practice, but preserving its argument that the documents are not protected by a privilege.

On November 5, 2018, counsel for Defendants wrote the Government regarding perceived deficiencies in the Government's prior Rule 16 discovery and certain additional

December 12, 2018
Hon. Vernon S. Broderick
Page 2

demands for production under Rule 16. The Government replied on November 29, 2018, and made two additional productions of approximately 91,000 pages to each of the Defendants.

On November 7, 2018, Defendants requested that the Government provide, pursuant to *Bruton v. United States*, 391 U.S. 123 (1968), redacted versions of the statements allegedly made by the Defendants to law enforcement agents (the "Statements") that the Government intends to introduce at trial. The Government replied on November 27, 2018, advising that it had not yet determined which specific Statements or portions of the Statements it would offer at trial, but that it does not presently intend to redact the Statements pursuant to *Bruton.* The Government advised Defendants' counsel that Defendants should presume for the purpose of motion practice that the Government will offer the entirety of Defendants' Statements at trial. The Government further noted that there are significant portions of the Statements that will likely be offered at trial for reasons other than the truth of the matter asserted, potentially mooting, in the Government's view, the need for motion practice regarding *Bruton* issues. The Parties remain in dialogue about this issue, as reflected below.

On November 8, 2018, Defendants wrote the Government regarding requests for the production of materials pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). The Government replied on November 27, 2018.

On December 3, 2018, Rep. Collins wrote the Government regarding materials obtained or reviewed by the Government in the course of its investigation that, in the view of Rep. Collins, are potentially protected by the Speech or Debate Clause of the Constitution. Rep Collins requested the production of additional documents and information necessary to assess whether there have been any violations of his constitutional privileges. The Government has not yet responded to these requests.

On December 10, 2018, Defendants wrote the Government requesting a bill of particulars related to certain allegations contained in the Indictment. The Government has not yet responded to this request.

As this summary demonstrates, the Parties have had, and continue to have, a constructive dialogue regarding discovery and corollary issues. The Government has provided timely—albeit, Defendants contend, incomplete—responses to Defendants' requests, but Defendants have outstanding concerns and may develop additional questions or concerns after completing their review of the Government's recent productions. The Parties will continue making efforts to resolve any additional disputes that arise and will raise them with the Court as necessary.

The Parties met and conferred telephonically on December 7, 2018 to further discuss outstanding issues in advance of the December 18 conference.[1] Based on the Parties'

---

[1] This discussion did not include the letter addressing a bill of particulars, which had not been sent as of that time.

December 12, 2018
Hon. Vernon S. Broderick
Page 3

discussions, the following issues are outstanding and may need to be resolved through motion practice.

**DISCOVERY DISPUTES THAT HAVE NOT YET BEEN RESOLVED**

1. **Defendants' request for a bill of particulars and Rep. Collins' request for information based on the Speech or Debate Clause**

   There are two issues that Defendants have raised recently with the Government, and to which the Government has not yet responded. First, on December 3, 2018, counsel for Rep. Collins wrote to the Government raising concerns about what Rep. Collins believes to be potential violations of the Speech or Debate Clause of the United States Constitution, U.S. CONST. art. I, § 6, cl. 2. Rep. Collins' concerns are based on an analysis of the Government's productions to date, and the fact that the Government obtained statements and documents from certain of Rep. Collins' staff members. Rep. Collins has requested a production of documents in order to ensure that the privileges provided by the Speech or Debate Clause are protected and to allow him to evaluate whether and to what extent any violations have occurred. Second, on December 10, 2018, counsel for Defendants wrote to the Government requesting that it provide a bill of particulars responding to various concerns about, *inter alia*, what the Defendants view as vague language contained in the Indictment. Defendants' position is that a bill of particulars is necessary in order to permit Defendants to prepare their defense and to avoid unfair surprise at trial.

   The Government intends to respond directly to the Defendants in due course regarding these issues. The Parties will then meet and confer on both issues, and will promptly advise the Court if they believe motion practice is needed to resolve them, and if so, what schedule the Parties would propose for those motions.

2. **Defendants' request that the Government identify any of the Defendants' Statements it intends to offer at trial and that the Government provide intended redactions of those Statements under *Bruton v. United States***

   On November 7, 2018, counsel for Defendants wrote to the Government requesting two things: (1) that the Government advise whether it intends to introduce at trial Defendants' alleged Statements; and (2) if so, that the Government provide redacted versions of those Statements to comply with the Supreme Court's decision in *Bruton* and its progeny. On November 27, 2018, the Government responded that it has not yet determined with certainty which of the Statements, or which specific portions of the Statements, it will introduce at trial, and that to the extent that it does intend to offer the Statements or portions of the Statements, it does not presently intend to redact the Statements pursuant to *Bruton*. The Government also suggested, as a possible way to work through this issue without motion practice or to narrow the scope of any motion practice, that Defendants identify any specific portions of the Statements that they believe implicate *Bruton*, and offered to meet and confer regarding the same.

December 12, 2018
Hon. Vernon S. Broderick
Page 4

When the Parties met and conferred via telephone on December 7, 2018, the Government advised that Defendants should presume for any potential motion practice that the Government intends to introduce the entirety of the Statements without any *Bruton* redactions, and also noted that arguments relating to *Bruton* may be moot with respect to portions of the Statements that will not be offered for the truth of the matter asserted. During the telephone call, Defendants' counsel requested that the Government identify the Statements or portions of the Statements it would seek to offer against each Defendant for reasons other than the truth of the matters asserted. Defendants submit that addressing this issue now will allow the Parties to confer in good faith in order to reach a resolution well in advance of trial and, further, that only the Government is in a position to know which Statements or portions of the Statements will be offered in its case-in-chief (and under what theory of admissibility). The Government reiterated its suggestion that Defendants identify the portions of the Statements that they believe implicate *Bruton*, so that the Government can advise the Defendants as to the Government's theory of admissibility for those portions of the Statements, which may moot any *Bruton* arguments, or at least narrow them.

The Parties are continuing to engage in a dialogue on this issue, and respectfully propose to alert the Court when and if motion practice becomes necessary.

### 3. Defendants' request that the Government search the files of the SEC for any materials required to be produced under *Brady v. Maryland*

On September 13, 2018, and November 8, 2018, counsel for Defendants wrote to the Government identifying materials withheld from its productions that Defendants believe constitute evidence favorable to them that must accordingly be immediately produced pursuant to the Supreme Court's decision in *Brady*. While the Government has produced some materials following Defendants' affirmative request, Defendants' November 8, 2018 letter also: (1) requested that the Government undertake a complete review of its files and those of its law enforcement partners, including the FBI and the SEC, which Defendants contend jointly participated with the U.S. Attorney's Office in the investigation that led to the charges in this case, and produce any additional *Brady* material; and (2) requested fourteen specific categories of material favorable to the defense of, or tending to exonerate, Defendants, including categories of information related to potential Government witnesses, the production of which is mandated by *Giglio v. United States*, 405 U.S. 150 (1972).

By reply dated November 27, 2018, the Government responded that it is aware of its *Brady* obligations but asserted that it is not obligated to obtain and produce documents from the SEC because, in its view, the SEC's investigation in this matter was parallel to the criminal investigation and not a joint investigation with the DOJ. The Government also advised that it intends to produce impeachment material under *Giglio* at the same time that it produces § 3500 (i.e., Jencks Act) material. In addition, the Government provided narrative summaries of certain statements made by two individuals.

December 12, 2018
Hon. Vernon S. Broderick
Page 5

With respect to the narrative summaries provided in the Government's November 27 letter, Defendants have requested that the Government produce the actual notes or memorialization of the full interviews (i.e., FBI Form FD-302s) with these individuals, to supplement the summaries that the Government has provided of the portions of the interviews that the Government believes arguably fall within its disclosure obligations. During the meet-and-confer on December 7, counsel for Defendants noted that in each prior instance in this case where Defendants requested additional materials pursuant to *Brady*, the Government produced complete notes or FD-302s. The Government responded that it believes it has complied with its disclosure obligations and that it would not produce the full notes or FD-302s of these individuals at this time.

Similarly, the parties continue to disagree about Defendants' request for the Government to review the files of the SEC for any *Brady* materials. Defendants believe that under the analysis articulated by other cases in this District, the relationship between the U.S. Attorney's Office and its law enforcement partners, including the SEC, during the investigation of this matter is such that the Government should be required to review those partners' files and produce any additional *Brady* material promptly.[2] The Government stands by its position that the SEC conducted a parallel investigation and, accordingly, the Government is not obligated to seek to obtain and produce documents from the SEC.

Finally, with regard to *Giglio* materials related to potential trial witnesses for the Government, Defendants believe that failure to disclose this information sufficiently in advance of trial will substantially risk prejudicing the defense. Accordingly, their position is that the Government should produce these materials now to allow counsel to conduct a complete and thorough investigation of the information disclosed and to prepare an effective defense. The Government disagrees and maintains its position that it will produce any such *Giglio* materials at the same time that it produces § 3500 (i.e., Jencks Act) material.

On each of these points, the Parties have been unable to resolve their disagreements despite discussing them in the course of a good-faith dialogue. Accordingly, the Parties anticipate engaging in motion practice on these points.

---

[2] On the same day that the Indictment was unsealed in this matter, the SEC also instituted a civil action against Defendants alleging much of the same conduct alleged in the Indictment. *SEC v. Christopher Collins, et al.*, 18-cv-7128 (KPF) (S.D.N.Y.). With consent of the Defendants, the Government intervened in the SEC action for the purpose of seeking a stay of all discovery, with the exception of certain party document discovery as agreed between the Parties. On November 9, 2018, the Court entered an order staying proceedings in the SEC action in their entirety (subject to the agreed carve-outs for discovery). The SEC has recently advised counsel for Defendants that it is in the process of preparing for production to Defendants those items excepted from the stay. Defendants acknowledge that it is unnecessary for the Government to review for *Brady/Giglio* those parts of the SEC file produced to Defendants. Rather, Defendants' position is that the review need only encompass those portions withheld by the SEC.

December 12, 2018
Hon. Vernon S. Broderick
Page 6

**4. Defendant's requests for additional discovery pursuant to Rule 16**

On November 5, 2018,[3] counsel for Defendants wrote to the Government outlining fourteen categories of outstanding discovery that Defendants believed had not been included in the Government's Rule 16 productions up to that time. The Government responded on November 29, 2018, and thereafter produced additional materials to each of the Defendants between December 4 and December 10, 2018. However, certain issues remain outstanding:

(1) Defendants have requested, but the Government has not provided, draft FD-302s and documents reflecting edits and revisions made to draft FD-302s. Defendants' position is that the materials should be produced.

(2) On May 8 and May 22, 2018, the FBI interviewed an individual who provided the FBI voluntary consent to search his Apple devices. Defendants have requested all images of these devices taken by the FBI. The Government has asserted that, for May 8, 2018, the FBI did not take any images, and for May 22, 2018, the Government is in the process of determining whether it possesses any material responsive to this request that would fall within its Rule 16 disclosure obligations.

Finally, during the December 7, 2018 meet-and-confer the Government confirmed that it possesses an image of a cell phone from the May 22, 2018 consent search, but stated that it has not been able to access that image due to technical issues. The Government agreed that upon accessing the image, it will review and produce any images, copies, or other materials not previously produced from these devices that fall within its obligations under Rule 16, *Brady*, and, at the appropriate time, *Giglio*. However, the Government has indicated that it disagrees with Defendants' position with respect to any draft 302s.

---

[3] A previous discovery demand letter was sent on September 13, 2018 to which the Government responded with additional Rule 16 productions on September 25, 2018, October 3, 2018, and October 11, 2018.

December 12, 2018
Hon. Vernon S. Broderick
Page 7

      The Parties will be prepared to discuss these outstanding discovery issues in greater detail at the Status Conference.

Sincerely,

| */s/ Jonathan B. New* | */s/ Scott Hartman* |
|---|---|
| Jonathan B. New | Geoffrey S. Berman |
| Jonathan R. Barr | United States Attorney for the |
| Kendall E. Wangsgard | Southern District of New York |
| BakerHostetler LLP | by: Scott Hartman |
| 202.861.1534 | Damian Williams |
| | Max Nicholas |
| *Counsel for Christopher Collins* | U.S. Attorney's Office |
| | 212.637.2357 |
| | |
| | *Counsel for United States of America* |

*/s/ Rebecca M. Ricigliano*

  Rebecca M. Ricigliano
  Thomas A. Hanusik
  Patrick S. Brown
  Crowell & Moring LLP
  212.895.4268

  *Counsel for Cameron Collins*

*/s/ Mauro M. Wolfe*

  Mauro M. Wolfe
  Amanda Bassen
  Duane Morris LLP
  212.692.1017

  *Counsel for Stephen Zarsky*