590 Madison Avenue, 20th Floor, New York, NY 10022-2524 ▪ p212 223-4000 ▪ f212 223-4134



Rebecca Monck Ricigliano
(212) 895-4268
RRicigliano@crowell.com

January 16, 2019

**VIA ECF**

The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007

Re:   *United States* v. *Christopher Collins et al.*, 18 Cr. 567 (VSB)

Dear Judge Broderick:

     Pursuant to the Court's January 7, 2019 order and the discussion at the December 18, 2018 status conference in this matter, defendants Cameron Collins, Christopher Collins, Stephen Zarsky (the "Defendants"), and the government submit this joint letter concerning the status of the SEC's production to the Defendants (the "SEC Discovery") in the civil matter, *Securities and Exchange Commission v. Christopher Collins et al.*, 18 Cv. 7128 (KPF), in which the government intervened for the purpose of obtaining a limited stay of discovery. As set forth in detail below, in light of the recent receipt and volume of the SEC Discovery, the Defendants may not be in a position to file discovery motions related to that material by February 8, 2019 and request permission to supplement their discovery motions, if necessary, following their review of the SEC Discovery by the May 10, 2019 deadline for the filing of substantive motions in this case. For the Court's convenience, the following is a brief update on the status of outstanding discovery requests raised at the December 18, 2018 conference.

     1.    <u>SEC Discovery</u>

     On January 9, 2019, the Defendants each received a hard drive from the SEC containing the SEC Discovery responsive to Judge Failla's November 9, 2018 order in *Securities and Exchange Commission v. Collins et al.*, 18 Cv. 7128 (KPF). On January 10, initial processing of the hard drives revealed that the SEC Discovery consisted of approximately 342,000 pages. Processing of the information on the hard drives continues, including deduplication against materials already provided to the Defendants in Rule 16 discovery. Following processing and deduplication, review of the "new" material contained in the SEC Discovery will begin. Because

The Honorable Vernon S. Broderick
January 16, 2019
Page 2

this processing is ongoing, and the Defendants do not yet know the number of "new" documents provided by the SEC, it is unclear if Defendants will be able to file motions relating to the SEC Discovery on February 8, 2019. Accordingly, in an abundance of caution, we respectfully request that the Court allow the Defendants to file motions relating to the SEC Discovery (if any) on May 10, 2019, the date previously set by the Court for the filing of substantive motions in this case. The Defendants have conferred with the Government, and the Government has no objection to the Defendants having until May 10, 2019 to raise any issues relating to the SEC Discovery.

2. Other Outstanding Discovery Issues

During the December 18, 2018 status conference, the Defendants highlighted several discovery requests raised with the government: (i) a request for a bill of particulars, (ii) a request that the government review for *Brady* and *Giglio* information the material the SEC did not produce to the Defendants as part of the SEC Discovery, (iii) a request that the government propose redactions for statements allegedly made by each of the Defendants to law enforcement as required by *Bruton v. United States*, and (iv) a request by Representative Christopher Collins for certain information relating to Representative Collins's Speech or Debate Privilege. The Defendants and the government exchanged correspondence and met and conferred on each of these requests. Although additional discussion may take place, a resolution is unlikely on any of these issues, and the Defendants expect to file motions related to each on February 8, 2019.

Respectfully submitted,

*/s/ Rebecca Ricigliano*

Rebecca Monck Ricigliano
Thomas A. Hanusik
Patrick S. Brown

cc: AUSA Scott Hartman (*by email*)
AUSA Max Nicholas (*by email*)
AUSA Damian Williams (*by email*)
Jonathan Barr, Esq. (*by email*)
Jonathan New, Esq. (*by email*)
Kendall Wangsgard, Esq. (*by email*)
Mauro Wolfe, Esq. (*by email*)
Amanda Bassen, Esq. (*by email*)