UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        -against-<br><br>CHRISTOPHER COLLINS,<br>CAMERON COLLINS, and<br>STEPHEN ZARSKY,<br><br>                    Defendants. | 18 Cr. 567 (VSB) |

# **NOTICE OF DEFENDANTS' MOTION FOR A BILL OF PARTICULARS**

PLEASE TAKE NOTICE that the undersigned, on behalf of defendants Christopher Collins, Cameron Collins, and Stephen Zarsky, move this Court for an order, pursuant to Federal Rule of Criminal Procedure 7(f), directing the government to provide a bill of particulars identifying:

a. the date, time, sender, recipient(s), locations, and amount (if applicable) of the wire communication serving as the basis for the wire fraud alleged in Count Ten;

b. for each count charged in the Indictment, every act in furtherance of that count committed in the Southern District of New York;

c. the "others" to whom Rep. Collins anticipated Cameron Collins would disclose the material, nonpublic information, as alleged in paragraphs 10, 23, and 45(a) of the Indictment;

d. the "others" to whom Rep. Collins and Cameron Collins anticipated Mr. Zarsky would disclose the material, nonpublic information, as alleged in paragraph 10 of the Indictment;

e. The personal benefit expected by Rep. Collins as a result of the alleged disclosure of material, nonpublic information to Cameron Collins, Mr. Zarsky, CC-1, CC-2, CC-3, CC-5, and CC-6, that forms the basis for the securities fraud alleged in Counts Two through Eight, and whether Rep. Collins was aware of the existence of CC-3, CC-5, and/or CC-6 and whether he was aware that Mr. Zarsky, CC-1, CC-2, CC-3, CC-5, or CC-6 owned Innate shares;

    f.   The personal benefit expected by Cameron Collins as a result of the alleged disclosure of material, nonpublic information to Mr. Zarsky, CC-1, CC-2, CC-3, CC-5, and CC-6, that forms the basis for the securities fraud alleged in Counts Three through Eight, and whether Cameron Collins was aware of the existence of CC-3 and/or CC-5 and that they owned Innate shares; and

    g.   The personal benefit expected by Mr. Zarsky as a result of the alleged disclosure of material, nonpublic information to CC-2, CC-3, and CC-5, that forms the basis for the securities fraud alleged in Counts Five through Seven.

The grounds for this motion are more fully set forth in the accompanying Memorandum of Law.

Dated: February 8, 2019

Respectfully submitted,

/s/ Rebecca M. Ricigliano
Rebecca M. Ricigliano
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, New York 10022
Telephone: (212) 895-4268
Email: rricigliano@crowell.com

Thomas A. Hanusik
Patrick S. Brown (admitted *pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 624-2530
Email: thanusik@crowell.com

*Attorneys for Cameron Collins*

Jonathan B. New
BAKER HOSTETLER LLP
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4650
Email: jnew@bakerlaw.com

Jonathan R. Barr (admitted *pro hac vice*)
Kendall E. Wangsgard
BAKER HOSTETLER LLP
1050 Connecticut Avenue NW
Washington, DC 20036
Telephone: (202) 861-1534
Email: jbarr@bakerlaw.com

*Attorneys for Christopher Collins*


Mauro M. Wolfe
Amanda L. Bassen
DUANE MORRIS LLP
1540 Broadway
New York, New York 10036
Telephone: (212) 692-1017
Email: mmwolfe@duanemorris.com

*Attorneys for Stephen Zarsky*