**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | |
| CHRISTOPHER COLLINS, CAMERON COLLINS, and STEPHEN ZARSKY, | ) ) ) ) ) | Case No. 18-cr-567 (VSB) |
| *Defendants*. | ) ) ) | |

## UNOPPOSED MOTION OF THE U.S. HOUSE OF REPRESENTATIVES FOR LEAVE TO FILE AS *AMICUS CURIAE* IN SUPPORT OF NEITHER PARTY

The United States House of Representatives ("House") respectfully moves for leave to file the attached *amicus curiae* brief. The United States of America does not oppose this motion. The Defendants consent to this motion.

A proposed order is attached, and oral argument on this motion is not requested. Should the Court wish to hear argument from the House on any of the issues discussed in the attached *amicus curiae* brief, counsel will make themselves available at the Court's convenience.

### INTEREST OF *AMICUS CURIAE*

As explained in the attached brief, the House has a significant interest in how the judiciary construes the Speech or Debate Clause. U.S. Const. art I, § 6, cl. 1. The Clause states that "[f]or any Speech or Debate in either House, they [Senators and Representatives] shall not be questioned in any other Place." The Speech or Debate Clause is "an important protection of the independence and integrity of the legislature" that "reinforce[es] the separation of powers so deliberately established by the Founders." *United States v. Johnson*, 383 U.S. 169, 178 (1966).

For that reason, the House has sought and been granted leave to present its views on the Clause as *amicus curiae* in numerous federal cases.[1]

## STANDARD

The customary role of an *amicus* is "to aid the court and offer insights not available from the parties." *United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994). Because the role of an *amicus* submission is to assist the court, "[d]istrict courts have broad discretion to permit or deny the appearance of amici curiae in a given case." *United States v. Ahmed*, 788 F. Supp. 196, 198 n.1 (S.D.N.Y. 1992). "An amicus brief should normally be allowed when … the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. & N.J.*, No. 11 Civ. 6746, 2011 WL 5865296, at *2 (S.D.N.Y. Nov. 22, 2011) (quotation marks omitted). "The filing of an amicus brief should be permitted if it will assist the judge 'by presenting ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs.'" *Northern Mariana Islands v. United States*, No. 08-1572, 2009 WL 596986, at *1 (D.D.C. Mar. 6, 2009) (quoting *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003)). Courts are most likely to "grant leave to appear as an amicus curiae in cases

---

[1] *See, e.g.*, *United States v. Schock*, Nos. 17-3277 & 17-3393 (7th Cir. filed Nov. 1, 2017 & Nov. 21, 2017); *In re Search of Elec. Commc'ns in the Account of chakafattah@gmail.com at Internet Serv. Provider Google, Inc.*, 802 F.3d 516 (3d Cir. 2015); *United States v. Renzi*, 769 F.3d 731 (9th Cir. 2014); *United States v. Verrusio*, 762 F.3d 1 (D.C. Cir. 2014); *United States v. Renzi*, 651 F.3d 1012 (9th Cir. 2011); *In re Grand Jury Subpoenas*, 571 F.3d 1200 (D.C. Cir. 2009); *In re Search of the Rayburn House Bldg. Room No.*, 432 F. Supp. 2d 100 (D.D.C. 2006), *rev'd sub nom. United States v. Rayburn House Office Bldg., Room 2113, Wash., D.C. 20515*, 497 F.3d 654 (D.C. Cir. 2007); *Fields v. Office of Eddie Bernice Johnson*, 459 F.3d 1 (D.C. Cir. 2006) (en banc); *Beverly Enters., Inc. v. Trump*, 182 F.3d 183 (3d Cir. 1999); *United States v. McDade*, 28 F.3d 283 (3d Cir. 1994); *United States v. Swindall*, 971 F.2d 1531 (11th Cir. 1992); *United States v. Biaggi*, 853 F.2d 89 (2d Cir. 1988); *United States v. Renzi*, 686 F. Supp. 2d 956 (D. Ariz. 2010).

involving matters of public interest." *Andersen v. Leavitt*, No. 3-cv-6115, 2007 WL 2343672, at *7 (E.D.N.Y. Aug. 13, 2007).

## ARGUMENT

The judiciary's application of the Clause is a matter of substantial institutional concern to the House and a matter of great public interest as well.  The House has unique expertise and experience in construing the Speech or Debate Clause.  The House Office of General Counsel, in particular, has day-to-day experience construing and applying the Clause.  In filings before this Court, the parties have raised significant issues related to the Clause.  *See* Mem. in Supp. of Christopher Collins' Mot. to Compel (Feb. 8, 2019) (ECF No. 63); Gov't's Mem. of Law in Opp'n to Defs.' Pretrial Mots. (Mar. 8, 2019) (ECF No. 69); Reply Mem. of Law in Supp. of Christopher Collins' Mot. to Compel (Mar. 22, 2019) (ECF No. 72).  The House now seeks leave to file the attached brief to aid the Court by presenting its expert views on the Clause.

The House proposes to submit an *amicus curiae* brief in support of neither party and takes no position on the charges against the defendants or whether any particular documents or materials are protected by the Clause.  *See Russell v. Bd. of Plumbing Exam'rs of the Cty. of Westchester*, 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999) ("Participation as amicus curiae … is appropriate when the party cares only about the legal principles of the case, and has no personal, legally protectable interest in the outcome of the litigation.").

## CONCLUSION

For these reasons, the House respectfully requests that the Court grant this motion for leave to file the accompanying *amicus curiae* brief.

Respectfully submitted,

/s/ Douglas N. Letter
DOUGLAS N. LETTER
  *General Counsel*
TODD B. TATELMAN
  *Deputy General Counsel*
MEGAN BARBERO
  *Associate General Counsel*
BROOKS M. HANNER
  *Assistant General Counsel*

OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
219 Cannon House Office Building
Washington, D.C.  20515
(202) 225-9700 (telephone)
(202) 226-1360 (facsimile)
douglas.letter@mail.house.gov

*Counsel for the U.S. House of Representatives*

APPLICATION GRANTED
SO ORDERED
VERNON S. BRODERICK
U.S.D.J. 4/3/2019

The U.S. House of Representatives is directed to file the amicus curiae brief on the docket.

4

**CERTIFICATE OF SERVICE**

I certify that on April 2, 2019, I electronically filed a copy of this motion, as well as the attached proposed *amicus curiae* brief, using the CM/ECF System for the United States District Court for the Southern District of New York, which will send notification of that filing to all counsel of record in this litigation.

/s/ Douglas N. Letter_____
Douglas N. Letter