# BakerHostetler

Baker&Hostetler LLP

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5403

T 202.861.1500
F 202.861.1783
www.bakerlaw.com

April 4, 2019

Jonathan R. Barr
direct dial: 202.861.1534
jbarr@bakerlaw.com

**VIA ECF**

Honorable Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: *United States v. Christopher Collins, et al.*, No. 18-cr-567 (VSB) (S.D.N.Y.) – Response to Government's Letter Concerning *Amicus* Brief

Dear Judge Broderick:

     We are counsel to defendant Christopher Collins ("Rep. Collins") in this matter and submit this letter in response to the government's April 4, 2019 letter, ECF No. 78, in which the government requests *fifteen days* to "file a short letter response" to the *amicus curiae* submission by the United States House of Representatives (the "*Amicus* Brief"). Rep. Collins opposes the government's request, which would unnecessarily delay resolution of the pending, fully-submitted motion. The government's request is unwarranted and should be denied.

     As an initial matter, the "Brief of the U.S. House of Representatives as *Amicus Curiae* in Support of Neither Party" filed with the Court is just that — submitted in support of neither party. *See, e.g., United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994) (the customary role of an *amicus* is "to aid the court and offer insights not available from the parties"). *Amicus* filings are appropriate if the submission provides "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan v. CFTC*, 125 F.3d 1062, 1062 (7th Cir. 1997). The parties remain in control, "with the amicus merely responding to the issues presented by the parties. An amicus cannot initiate, create, extend, or enlarge issues. . . ." *Waste Mgmt. of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995).

April 4, 2019
Hon. Vernon S. Broderick
Page 2

At this juncture, the issues have been fully briefed according to the schedule set by the Court after consultation with the parties. Both Rep. Collins and the government have detailed their positions and the request for disclosure is ready for disposition. Further, the government cites no authority in support of its request, instead asserting that it is seeing arguments and authorities for the first time. However, the *Amicus* Brief does not (and cannot) present any new argument, factual issue, or other contention that the government has not already had an opportunity to address in its prior submission. In that light, the government's request is nothing more than a request to file what amounts to a sur-reply based on the government's desire to have the last word.

The government did not oppose the United States House of Representatives' motion for leave to file the *Amicus* Brief. The government neither requested an opportunity to respond when *amicus* participation was first raised on March 22, nor after the Court granted permission to file, ECF No. 74 (Mar. 26, 2019), nor after the House of Representatives indicated it would be filing, ECF No. 75 (Mar. 26, 2019). Likewise, the government did not request an opportunity to respond as a condition of its non-objection. Thus, the government acquiesced to the *Amicus* Brief being filed after all the parties' briefing had been completed.

Finally, the government's request would unnecessarily disrupt the pending briefing schedule. At the December 18, 2018 Status Conference, the Court set a carefully tuned briefing schedule for certain discovery motions (with briefing completed on March 22, 2019) in advance of the May 10, 2019 deadline for substantive motions. Yet, the government now seeks over *two more weeks* to "respond [to]" the *Amicus* Brief — until April 19, 2019. If the government's request is granted, it would prevent the Court from ruling on the pending motions in time for defendants to have the benefit of the Court's ruling in drafting the second round of motions, thereby severely prejudicing the defendants' preparation of the May motions. The Court should reject the government's strategic request to prejudice defendants' ability to effectively and efficiently meet the Court's deadline for filing the second round of substantive motions, particularly since the government's request is not designed to add anything meaningful or necessary to the already fully briefed discovery motions.

Respectfully submitted,

Jonathan R. Barr

cc: All Counsel of Record (via ECF)