

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 19, 2019

**BY ECF**

The Honorable Vernon S. Broderick
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    <u>United States v. Christopher Collins, et al.</u>, 18 Cr. 567 (VSB)

Dear Judge Broderick:

      The Government writes in response to the amicus brief filed on behalf of the United States House of Representatives (the "House") expressing its views on the proper application of the Speech or Debate Clause in this case. (ECF No. 80 (the "House Br.")).

      As an initial matter, as the House recognizes, the question of whether the Speech or Debate Clause affords a privilege against disclosure has divided appellate courts and has not been decided by the Second Circuit. (House Br. at 2). The Government agrees with the House that, consistent with the doctrine of constitutional avoidance, this Court should decide that question only if the claims raised by Congressman Collins cannot be resolved on other grounds. (*Id*. (citing *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004))).

      Such a resolution is available here. Congressman Collins argues that he should be afforded the extraordinary opportunity to review sealed grand jury transcripts and non-responsive search warrant material in order to develop an argument that supposed Speech or Debate violations have tainted the prosecution as a whole. (S/D Mot. at 11). But neither Congressman Collins nor the House has identified any authority from this Circuit or any other to support the notion that a taint analysis applies in the Speech or Debate context. Indeed, as the Government has previously explained, the taint argument for which the Congressman purportedly seeks discovery appears to be clearly foreclosed by Second Circuit precedent. *See United States v. Murphy*, 642 F.2d 699, 700 (2d Cir. 1980) (affirming denial of motion to dismiss an indictment on Speech or Debate Clause grounds where there was "no claim that the grand jury did not hear significant and sufficient evidence unprotected by the Speech or Debate Clause").[1]

---

[1] As explained in the Government's opening brief, given the nature of the indictment's insider trading allegations, which concern the Congressman's private conduct, there can be no credible claim that the grand jury did not hear sufficient evidence unprotected by the Speech or Debate

April 19, 2019
Page 2

In short, the Court need not reach the question of whether the Speech or Debate Clause affords a privilege against disclosure if it concludes, consistent with Second Circuit precedent, that irrespective of how that issue is resolved, on these particular facts the ultimate remedies that the Congressman seeks are unavailable. The House itself has previously endorsed precisely this approach in seeking Supreme Court review of *United States v. Renzi*, 651 F.3d 1012, 1032 (9th Cir. 2011), in which the Ninth Circuit held (contrary to the D.C. Circuit) that the Speech or Debate privilege is evidentiary in nature rather than one of non-disclosure. In an amicus brief in support of certiorari in that case, the House argued that that the Ninth Circuit could have avoided determining that contested issue by addressing in the first instance the question of whether a *Kastigar*-like hearing is an available remedy in the Speech or Debate context. Brief of Amicus Curiae the Bipartisan Legal Advisory Group of the U.S. House of Representatives in Support of Petitioner, *United States v. Renzi*, No. 11-557 (S. Ct. Dec. 2, 2011), 2011 WL 6019914, at * 16. In so arguing, the House noted that the D.C. Circuit, the court whose rulings Congressman Collins relies upon most heavily in support of his motion, has answered this question in the negative. *See id.* (citing *United States v. Rostenkowski*, 59 F.3d 1291, 1300 (D.C. Cir. 1995)).

So too here, it is not necessary for the Court to resolve whether the Speech or Debate Clause affords a privilege against non-disclsoure, because any arguable violation of the Speech or Debate Clause can be adequately remedied at trial. As the Government noted in its opening brief (Gov't Br. at 43), the Government will not introduce at trial any non-responsive search warrant material, and Congressman Collins will have the opportunity upon receiving Jencks Act material to seek a rulling from the Court precluding witness testimony that runs afoul of the Speech or Debate Clause. Additionally, although Congressman Collins has not yet identified any materials produced as Rule 16 discovery that he alleges implicate the Speech or Debate Clause, Congressman Collins will also have the opportunity to seek exclusion of any Government exhibits at trial on the basis that they are covered by the Speech or Debate Clause.

If, notwithstanding the discussion above, the Court finds it necessary to reach the constitutional issues, it should reject the view of the Speech or Debate Clause advocated by the House for all the reasons stated in the Government's opening brief. It bears emphasizing that although the Court should certainly consider the House's arguments in formulating its own view of the Speech or Debate Clause, the House's views are entitled to no particular weight or enhanced deference under the law. As the Supreme Court has emphasized in addressing a claim of executive privilege, "[o]ur system of government requires that federal courts on occasion interpret the Constitution in a manner at variance with the construction given the document by another branch. . . . We therefore reaffirm that it is the province and duty of this Court 'to say what the law is' with respect to the claim of privilege presented in this case." *United States v. Nixon*, 418 U.S. 683, 704-05 (1974) (quoting *Marbury v. Madison*, 1 Cranch, 137, 177 (1803)).

Consistent with this mandate, in at least five of the cases cited in footnote 1 of the House's brief, courts of appeals, including the Second Circuit, have rejected the views expressed by the House as amicus curiae. *See In re Fattah*, 802 F.3d 516, 524-25 (3d Cir. 2015) (rejecting position

---

Clause. And of course, if the Court seeks additional comfort in this regard, the Government is prepared to submit the grand jury minutes for the Court's *in camera* review.

of the House that the privilege conferred by the Speech or Debate Clause is one of non-disclosure); *United States v. Renzi*, 769 F.3d 731, 747 (9th Cir. 2014) (rejecting position of the House that by introducing evidence of his own legislative acts a member of Congress has not waived his Speech or Debate privilege); *Renzi*, 651 F.3d at 1032 (rejecting position of the House that the privilege is one of non-disclosure); *United States v. McDade*, 28 F.3d 283, 296 (3d Cir. 1994) (Alito, J.) (rejecting arguments by the House regarding the applicability of criminal racketeering laws to congressional actors in light of the Speech or Debate Clause); *United States v. Biaggi*, 853 F.2d 89, 102-04 (2d Cir. 1988) (rejecting argument by the House that the Government's prosecution of a sitting congressman for Travel Act bribery impermissibly relied on legislative acts and motivations).

Accordingly, the Government requests that the Court deny Congressman Collins's discovery motion without deciding the scope of the Speech or Debate Clause. If the Court decides it must reach the constitutional question, the Government submits that the Court should take "a decidedly jaundiced view towards extending the [Speech or Debate] Clause so as to privilege illegal or unconstitutional conduct beyond that essential to foreclose executive control of legislative speech or debate and associated matters such as voting and committee reports and proceedings." *Gravel v. United States*, 408 U.S. 606, 620 (1972). The searches here are far removed from the concerns that animate the Speech or Debate Clause, which the framers devised to ensure that Members "enjoy the fullest liberty of speech." *Tenney v. Brandhove*, 341 U.S. 367, 372 (1951). To conclude that the searches in this case necessarily violated the Speech or Debate Clause where they, as a worst case scenario, incidentally resulted in the collection of protected material would impede legitimate law enforcement activities and give shelter to criminal conduct, contrary to the principle that the Clause does not "confer a general exemption upon Members of Congress from liability or process in criminal cases." *Gravel*, 408 U.S. at 626.

        Respectfully submitted,

        GEOFFREY S. BERMAN
        United States Attorney

By:    /s/
        Scott Hartman/Max Nicholas/Damian Williams
        Assistant United States Attorneys
        (212) 637-2357/1565/2298

cc: All defense counsel (by ECF)