```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
UNITED STATES OF AMERICA,                                   :
                                                            :
                                                            :
             - against -                                    :      18-CR-567 (VSB)
                                                            :
                                                            :              ORDER
CHRISTOPHER COLLINS, et al.,                                :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/1/2019

VERNON S. BRODERICK, United States District Judge:

      Before me are motions for (1) a bill of particulars by all Defendants, (2) release of materials related to the Speech or Debate Clause of the United States Constitution by Defendant Christopher Collins, and (3) release of *Brady* materials and Rule 16 materials by all Defendants. (Docs. 59, 62, 64.)  Oral argument on these motions will be held on Friday, May 3, 2019 at 2:30 p.m. ("May 3 Conference").  The parties should be prepared to answer the following questions and address the following issues prior to and/or during oral argument:

1) The Government shall produce to the Court its December 28, 2018 discovery letter (as referenced in Defendants' memorandum in support of their motion for a bill of particulars) before the May 3 Conference.

2) With regard to the *Brady*/Rule 16 motion, can the Government legally search non-responsive materials consistent with the Fourth Amendment rights of the individuals from whom the materials were seized?  If so, what case law supports this conclusion?

3) Is there any *Brady* material of which the Government is aware but has not yet disclosed and/or produced?

4) What categories of documents in the possession of the Securities and Exchange Commission ("SEC") have not been produced to the defense?

5) Did the SEC create any reports of interviews they attended regardless of when the reports were created in relation to the date of the interview?

6) Did the SEC review and comment on drafts of the interview reports prepared by the Government?

7) Regarding the SEC's connection, if any, to the Government's investigation of Defendants:

   a. Was anyone from the SEC designated a Special Assistant United States Attorney in connection with the investigation or prosecution of this case?

   b. Regardless of title, was anyone from the SEC a member of the Government's investigative team?

   c. Regardless of title, was anyone from the SEC involved in the Government's investigation of Defendants in any way?  If so, how were they involved?

   d. Did anyone from the SEC attend any sessions of the grand jury presentation of this case?

   e. Did the United States Attorney's Office for the Southern District of New York ("USAO SDNY") share and/or provide transcripts from the grand jury presentations related to this case with/to the SEC?

   f. Were documents obtained through grand jury subpoena or other process by the USAO SDNY provided to or shared in any way with the SEC?

   g. Did anyone from the SEC participate in meetings where criminal prosecution strategy was discussed?

    h. Did anyone from the SEC make recommendations concerning the criminal investigation and prosecution of this case?

    i. Did anyone from the USAO SDNY attend SEC strategy meetings?

    j. Did anyone from the USAO SDNY make recommendations concerning the investigation or filing of charges in the SEC's civil case?

    k. Has anyone from the SEC participated in interviews of witnesses and/or cooperators since the indictment was returned by the grand jury?

    l. Are there documents in the possession of the SEC related to the alleged underlying securities violations of which the USAO SDNY does not have copies? If so, what are the categories of such documents?

8) On page 22 of the Government's memorandum of law in opposition to Defendants' pretrial motions it states, "when the Government obtained the ESI and reviewed it for responsiveness to the respective warrants, the Government also reviewed the ESI for *Brady* and *Giglio* material."

    a. Was this review conducted prior to the return of the Indictment in this case?

    b. Who conducted this review?

    c. Was the review for *Brady* and *Giglio* material limited to a review of the responsive documents?

    d. Did the Government "c[o]me across *Brady* or *Giglio* material when it reviewed the search warrant returns"? If so, was it identified as such when produced or just produced without categorizing it as *Brady* or *Giglio* material?

9) The Government should provide to the Court the summaries produced to Defendants of the interviews of Witness-1 and Witness-2 for in camera review.

10) The Government should also produce the complete witness interviews of Witness-1 and Witness-2 for in camera review by the Court.

11) The parties shall meet and confer prior to the conference concerning timing of production of 3500 material, prosecution exhibit list, defense exhibit list, and defense 3500 material.

12) With regard to the Speech or Debate issue, were any searches conducted of the official email addresses of any congressional staffers, including current or former staff members of Representative Collins?

13) Were there any search warrants issued for the search of the congressional offices and/or congressional computers and/or computer servers?

14) Does Congress have rules and/or guidance related to the use of personal email addresses/accounts to conduct and/or discuss congressional business? If so, can these rules and/or guidelines be produced to the Court before the May 3 Conference?

15) Did Representative Collins have rules and/or guidance related to the use of personal email addresses/accounts to conduct and/or discuss legislative business, including legislative business being worked on by or that was of interest to Representative Collins? If so, can these rules and/or guidelines be produced to the Court before the May 3 Conference?

16) Did Representative Collins's current or former staff members receive training on or related to the Speech or Debate privilege? If so, what was the nature of that training? Were staffers provided with written materials related to this training? If so, can those materials be provided before the May 3 Conference?

17) Does Representative Collins have the power to waive his Speech or Debate privilege?

18) Has Representative Collins asserted his Speech or Debate privilege with regard to his current and former staffers who have or will speak to the Government related to this case?  If so, did those current and former staffers agree to maintain Representative Collins's Speech or Debate privilege?  If so, is that assertion in writing?  Does Representative Collins have any evidence that his current or former staffers violated his request either purposefully or inadvertently?  If so, what is that evidence and what Speech or Debate privileged material was disclosed?

19) Has Representative Collins asserted his Speech or Debate privilege with regard to his current and former staffers who have or will produce documents related to this case?  If so, did those current and former staffers agree to maintain Representative Collins's Speech or Debate privilege?  If so, is that assertion in writing?  Does Representative Collins have any evidence that his current or former staffers violated his request either purposefully or inadvertently?

20) What is the relevance to the charges in this case of the fact that Representative Collins is a member of Congress and was a member of Congress at the time of the events alleged in the Indictment?

21) Is Representative Collins claiming that the charges in the Indictment are based upon material/evidence obtained in violation of the Speech or Debate privilege?  If so, what specific materials produced in discovery relied upon by the Government implicate the privilege?

22) Are the securities law, wire fraud, and false statement violations based upon any documents seized from or provided by current or former staffers of Representative Collins?  If so, can those documents be produced to the Court before the May 3

Conference?

23) Regarding the Office of Congressional Ethics ("OCE") investigation:

   a. Was the fact that Representative Collins was under investigation by the OCE known to the public and/or reported in the media prior to the Indictment in this action being filed? Does Representative Collins claim that this fact is privileged? If so, how does this fact qualify as a legitimate legislative activity?

   b. Is use of the fact that Representative Collins was interviewed on June 5, 2017 by OCE prohibited by the Speech or Debate privilege?

   c. Is the transcript of Representative Collins's interview on June 5, 2017 available to the public?

      i. Is the use of the transcript from the interview of Representative Collins on June 5, 2017 prohibited by the Speech or Debate privilege?

      ii. Does Representative Collins assert that the entire transcript of his interview on June 5, 2017 is privileged? If not, what specific statements in the testimony does Representative Collins claim implicate the Speech or Debate privilege and how does each such statement implicate the privilege?

24) Are *United States v. Williams*, 644 F.2d 950, 952 (2d Cir. 1981), *United States v. Myers*, 692 F.2d 823, 849 (2d Cir. 1982), and *United States v. Murphy*, 642 F.2d 699 (2d Cir. 1980) controlling concerning whether or not in camera review of the grand jury minutes is appropriate under the circumstances of this case?

25) Does Representative Collins claim that conversations he had with his current and

former staffers related to Innate implicate the Speech or Debate privilege? If so, how do these conversations implicate the Speech or Debate privilege?

26) Are there any documents that have been produced in discovery that Representative Collins claims implicate the Speech or Debate privilege? If so, those documents should be produced to the Court before the May 3 Conference?

27) Before the May 3 Conference, the Government shall produce to the Court the memoranda referenced in footnote 10 of its memorandum in opposition to Defendants' pretrial motions for in camera review.

SO ORDERED.

Dated: May 1, 2019
      New York, New York

_____
Vernon S. Broderick
United States District Judge