# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Jonathan B. New
direct dial: 212.589.4650
jnew@bakerlaw.com

May 9, 2019

**VIA ECF**

Honorable Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

*Re:*    United States v. Christopher Collins, et al*., No. 18-cr-567 (VSB) (S.D.N.Y.)*

Dear Judge Broderick:

We are counsel for Defendant Christopher Collins in this matter and write regarding the Court's May 1, 2019 Order, ECF No. 84. Specifically, we believe that items 17 and 24 raise pure questions of law and submit the below responses to aid the Court's consideration of the pending discovery motions.

### 17)    Does Representative Collins have the power to waive his Speech or Debate privilege?

As an initial matter, there has been no suggestion by the Government that Representative Collins has waived the Speech or Debate privilege (if that is even possible). Indeed, he has steadfastly asserted the privilege in his interactions with the government, third parties, and the Court.

In addition, we understand that the House of Representatives has taken the position that the privilege is <u>absolute</u> and not subject to waiver by Representative Collins or anybody else. Rather, at most, a Member can choose not to invoke the privilege under certain circumstances. Choosing not to invoke the privilege, however, does not amount to a waiver.

The Supreme Court has left open the issue of waiver, as the District Court for the District of Columbia has observed:

Honorable Vernon S. Broderick
May 9, 2019
Page 2

> The idea that a Member may waive the protections of the Speech or Debate Clause appears to have had its genesis in *Gravel*, where the Supreme Court noted in passing that because the privilege of an aide really belongs to the member of Congress, "an aide's claim of privilege can be repudiated and thus waived by the [Member]." 408 U.S. at 622 n. 13, 92 S.Ct. 2614. But only a few years later, the Court cast doubt on this proposition in *United States v. Helstoski*, 442 U.S. 477, 99 S.Ct. 2432, 61 L.Ed.2d 12 (1979).

*Rangel v. Boehner*, 20 F. Supp. 3d 148, 181 (D.D.C. 2013). Indeed, in *Helstoski*, the Supreme Court held that even if a Member could waive the privilege—and the Court explicitly declined to decide whether individual waiver is even possible—"waiver can be found only after explicit and unequivocal renunciation of the protection." 442 U.S. 477, 490 (1979) (perceiving "no reason to decide whether an individual Member may waive the Speech or Debate Clause's protection…."). *Cf. Gravel v United States*, 408 U.S. 606, 622 n.13 (1972) (stating that the privilege can only be "repudiated and thus waived by the [Member].");  *Rangel v. Boehner*, 785 F.3d 19, 25 n.3 (D.C. Cir. 2015) (suggesting that aides' immunity can be waived by Members); *United States v. Renzi*, 769 F.3d 731, 749 (9th Cir. 2014) (stating that the Congressman may "waive his own Speech or Debate privilege").

In *Helstoski*, the Supreme Court was able to reach its conclusions without deciding whether waiver is possible because the "explicit and unequivocal renunciation" standard is exceedingly high. The Court found that there had been no waiver despite the fact that former Congressman Helstoski testified before the grand jury ten times, only explicitly asserting his Speech or Debate privilege at his ninth appearance. *Id.* at 491. He also voluntarily produced legislative documents to the grand jury. *Id.* Nevertheless, the Supreme Court held that these actions by the Congressman did not constitute a waiver of the Speech or Debate privilege. *Id.*; *see also United States v. Johnson*, 383 U.S. 169, 184-85 (1966); *Brown & Williamson Tobacco Corp. v. Williams*, 62 F.3d 408, 421 n.11 (D.C. Cir. 1995) (Representative Waxman did not waive Speech or Debate privilege by "statements made [voluntarily] during a radio broadcast interview"); *Pittston Coal Grp., Inc. v. Int'l Union, UMWA*, 894 F. Supp. 275, 278 n.4 (W.D. Va. 1995) (rejecting plaintiff's assertion that Senator Rockefeller waived privilege by voluntarily disclosing certain records to defendant in litigation; in quashing subpoena to Senator's aide, characterizing that argument as "meritless"; "Pittston [has] produced no evidence that Senator Rockefeller renounced his privilege, let alone made the 'explicit and unequivocal expression' required to waive it.").

In this case, Representative Collins has consistently asserted, and continues to assert, the protections of the Speech or Debate privilege. Therefore, even if legally possible, no waiver has occurred and there has been no suggestion to the contrary.

Honorable Vernon S. Broderick
May 9, 2019
Page 3

> **24)**   Are *United States v. Williams*, 644 F.2d 950, 952 (2d Cir. 1981), *United States v. Myers*, 692 F.2d 823, 849 (2d Cir. 1982), and *United States v. Murphy*, 642 F.2d 699 (2d Cir. 1980) controlling concerning whether or not in camera review of the grand jury minutes is appropriate under the circumstances of this case?

The pending discovery motion with respect to the Speech or Debate Clause is limited in nature. Regarding grand jury materials, the motion merely seeks transcripts of testimony from current or former staffers, or documents or testimony provided to the grand jury relating to the Office of Congressional Ethics or Committee on Ethics investigations. Such disclosure of grand jury materials that implicate the Speech or Debate Clause was approved by the Second Circuit in *United States v. Williams*, 644 F.2d 950, 952 (2d Cir. 1981). In *Williams*, the defendant sought disclosure of the complete grand jury minutes, including the testimony of more than sixty witnesses. 644 F.2d at 952. The Second Circuit agreed that "complete disclosure" was not required and affirmed the district court's decision to "order the release of the two staff members' testimony." *Id.* Representative Collins seeks similar relief and has tailored his discovery motion accordingly. *See also United States v. Jefferson*, 546 F.3d 300, 306 n.5 (4th Cir. 2008) (describing the process employed in that case whereby the government allowed counsel to examine the testimony of current and former staffers, and the balance of the available grand jury records were presented to the district court for *in camera* review).

Thus, it is unnecessary for the Court to undertake an *in camera* review of the entire grand jury minutes in order to decide the pending discovery motion. However, should the Court wish to undertake such a review, either at this time or following the submission of substantive motions, then such a review would  not be inconsistent with *United States v. Williams*, 644 F.2d 950, 952 (2d Cir. 1981), *United States v. Myers*, 692 F.2d 823, 849 (2d Cir. 1982),[1] and *United States v. Murphy*, 642 F.2d 699 (2d Cir. 1980). Outside of approving of disclosure of staffer testimony and denial of a motion to disclose the entirety of the grand jury minutes to the defendant, *Williams* did not address the appropriateness of *in camera* review by the Court. However, the Court noted in passing that the district court judge found that the testimony of the congressional staffers "constituted an insignificant portion of the evidence presented to the [grand] jury and was not a factor in the issuance of the indictment." *Williams*, 644 F.2d at 952. It is unclear how the district court could have made this determination without an *in camera* review.

Similarly, in *United States v. Myers*, 635 F.2d 932, 941 (2d Cir. 1980), the Second Circuit did not address the appropriateness of *in camera* review, but it did affirm the district court's

---

[1] The 1982 *Myers* decision involved a post-trial appeal, and it addressed, among other things, the contention that evidence was introduced at trial in violation of the Speech or Debate Clause. 692 F.2d at 849. That case did not address whether any pre-trial *in camera* review of grand jury testimony should have occurred. However, an earlier decision in the same case – *United States v. Myers*, 635 F.2d 932, 941 (2d Cir. 1980) – addressed a pre-trial motion to dismiss an indictment based on the argument that "the grand jury that returned it heard some evidence of legislative acts that is privileged by the Speech or Debate Clause." We address that decision below.

Honorable Vernon S. Broderick
May 9, 2019
Page 4

denial of a motion to dismiss the Indictment. The decision of the district court was based on a review of an extensive record, including its *in camera* review of "many volumes" of the FBI's files. 527 F. Supp. 1206, 1217 (E.D.N.Y. 1981). The district court's discussion, at 1242, of the nature and extent of other evidence presented to the grand jury suggests that the Court also reviewed that material. *See Myers*, 692 F.2d at 941 n.10 ("Judge Mishler noted at the argument on defendant's motion to dismiss that extensive tapes and recordings were before the grand jury….").

Finally, in *Murphy*, the Second Circuit merely held in a *per curiam* decision that it was not error for the district court to decline to review grand jury minutes to determine if evidence of activity protected by the Speech or Debate Clause was heard by the grand jury. 642 F.2d at 700. In that case, however, there was nothing on the face of the indictment to suggest that any privileged material was shown to the grand jury and the defense offered no reason to think that the grand jury relied on any such material to find probable cause. Indeed, the court used as an example in support of its decision an overt act that, "as alleged in the indictment, [was] not on its face protected by the Speech or Debate Clause." *Id.* Moreover, *Murphy* is premised on the related decision in *Myers* which expressly *did not* "consider whether an indictment might be subject to a motion to dismiss in the event that the privileged evidence constituted such a large proportion of the evidence before the grand jury…." 635 F.2d at 941 n.10. Such a determination would seem to require the Court to review the grand jury minutes in an appropriate case.

In the case against Representative Collins, by contrast, the government has prominently positioned the protected OCE inquiry as a fundamental pillar of its case and one that is critical to the theory of the conspiracy contained in the Indictment. This violation, which is apparent from the face of the Indictment, is substantially different from the legal and factual issues considered by *Murphy* and *Myers*. Under the circumstances, requiring a limited disclosure to the defense with additional *in camera* review is the only way to assess what transpired before the grand jury. *See also United States v. Helstoski*, 635 F.2d 200, 205 (3d Cir. 1980) ("If it is to serve its purpose, the shield must be raised at the beginning."); *Helstoski*, 442 U.S. at 489 (even mere "references" to legislative acts undermine the values protected by the Clause).

Finally, several courts outside of this circuit have approved the review of grand jury minutes *in camera* in order to assess whether there has been a violation of the Speech or Debate Clause and to determine the appropriate remedy. *See, e.g., United States v. Rostenkowski*, 59 F.3d 1291, 1297 (D.C. Cir. 1995) ("In order to fully secure th[e] purposes [of the Speech or Debate Clause], it seems that a court may find it necessary, at least under some circumstances, to look beyond the face of an indictment and to examine the evidence presented to the grand jury…. Otherwise, a prosecutor could with impunity procure an indictment by inflaming the grand jury against a Member upon the basis of his Speech or Debate, subject only to the necessity of avoiding any reference to the privileged material on the face of the indictment."); *United States v. Swindall*, 971 F.2d 1531, 1547 (11th Cir. 1992) ("A court will consider the evidence received by the grand jury … when what transpired before the grand jury itself violates a constitutional privilege."); *United States v. Durenberger*, Crim No. 3-96-65, 1993 WL 738477,

Honorable Vernon S. Broderick
May 9, 2019
Page 5


at *2 (D. Minn. Dec. 3, 1993) ("[H]ad I not ordered a full in camera inspection of the grand jury proceedings, the selected pages from the Reports would not have been discovered and the defendant's constitutional right to prepare an adequate defense would have been impaired."); *Jefferson*, 546 F.3d at 306 n.5 ("As the district court later explained … the prosecution ultimately disclosed the entire grand jury record—partially to Jefferson and the balance thereof to the court.").

Under the circumstances of this case, *in camera* review—in addition to the limited disclosure requested by Congressman Collins—is appropriate. The Government has stated in its Memorandum of Law in Opposition to Defendants' Pretrial Motions that it "would consent to *in camera* inspection of the minutes." Gov. Mem. at 42.

Respectfully submitted,

*/s/  Jonathan B. New*
Jonathan B. New
Jonathan R. Barr
Kendall E. Wangsgard
BakerHostetler LLP
212.589.4650

*Counsel for Christopher Collins*

cc:      All counsel of record (*via* CM-ECF)