

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 14, 2019

**BY ECF**

The Honorable Vernon S. Broderick
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    <u>United States v. Christopher Collins, et al.</u>, 18 Cr. 567 (VSB)

Dear Judge Broderick:

      The Government writes to provide responses to the inquiries posed in the Court's June 11, 2019 order (ECF No. 103) and to update the Court on certain issues that were left open at the May 3 and May 10, 2019 conferences.

      **Regarding the Court's June 11 order:**

1) Witnesses who were interviewed by both the SEC and the USAO were informed that the two agencies were conducting parallel but separate investigations.

2) Almost all of the interviews involving both the SEC and the USAO were arranged by the USAO. The Government can recall only three interviews that were arranged by the SEC staff. All three were short interviews with securities brokers that were conducted telephonically, with the SEC and the USAO calling in from their respective offices.[1]

3) Almost all of the interviews involving both the SEC and the USAO were conducted in person at the USAO. In some instances, the SEC investigator was not physically present but participated by telephone. A small number of interviews were conduted entirely by telephone, with each agency and the witness calling in from different locations. One interview was conducted in person at the offices of the witness's lawyer. The USAO did not participate in any interviews at the offices of the SEC staff.

---

[1] Two of these interviews were inadvertently omitted from the statistics regarding interviews that were submitted to the Court on May 9, 2019. Accounting for these interviews, the Government conducted 60 interviews with 37 distinct witnesses, of which the SEC participated in a subset of 16 inteviews with 16 distinct witnesses.

June 14, 2019
Page 2

4) Certain interviews involving both the SEC and the USAO were conducted pursuant to proffer agreements. In those instances, the witness executed separate proffer agreements with the USAO and the SEC, respectively.

5) No employees of the USAO or the FBI have reviewed the SEC's action memo. The SEC did share with the USAO a draft of the portion of the SEC's complaint that set out the SEC's factual allegations.

6) The Govermment has responded to the Court's inquiries regarding grand jury material in a separate, *ex parte* submission.

**Issues left open during the May 3 and May 10 conferences:**

1) Regarding the defendants' pending motion to compel the Government to re-review non-responsive data for *Brady* / *Giglio* material, the Government has now obtained consent from the individuals identified in the Indictment as CC-1 and CC-2 to provide the complete contents of their electronic devices and accounts to the defendants. The Government will not re-review these materials itself absent specific authorization from their owners or judicial authorization. The Government expects that, consistent with their obligations under Rule 16, the defendants will produce to the Government any of the non-responsive data they intend to use at trial.

   The defendants' motion also concerns materials belonging to CC-3, CC-5, and CC-6. As the Government previously indicated, it is not in possession of materials belonging to CC-3 or CC-6 beyond those that have already been provided in discovery. While the Government is in possession of non-responsive iCloud data for CC-5, CC-5 has declined, through counsel, to consent to further review of this data by either the Government or the defendants.

2) The Court inquired at the May 10 conference regarding the number of congressional staffers who provided documents to the Government. (Tr. 27-28). The Government obtained records from three former staffers of Congressman Collins. All of the documents obtained from these three indviduals have been produced in discovery. Only documents from one of these indivduals contained communications that could be construed as work-related. In the Govenrment's view, none of the materials that were produced implicate the Speech or Debate Clause. The document referenced by defense counsel at the May 10 argument is clearly a set of talking points to be used in press

      relations. *See Hutchinson v. Proxmire*, 443 U.S. 111, 133 (1979) (communiations with the press and the public do not implicate the Speech or Debate Clause).

                                Respectfully submitted,

                                GEOFFREY S. BERMAN
                                United States Attorney

By:      /s/_____
        Scott Hartman/Max Nicholas/Damian Williams
        Assistant United States Attorneys
        (212) 637-2357/1565/2298

cc: All defense counsel (by ECF)