# BakerHostetler

Baker&Hostetler LLP

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5403

T 202.861.1500
F 202.861.1783
www.bakerlaw.com

Jonathan R. Barr
direct dial: 202.861.1534
jbarr@bakerlaw.com

June 28, 2019

**VIA ECF**

Honorable Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:   United States v. Christopher Collins, et al., No. 18-cr-567 (VSB) (S.D.N.Y.) – Response to the Government's Letter Concerning Brady Obligations

Dear Judge Broderick:

We write on behalf of our client, defendant Christopher Collins, as well as the other defendants in the above-referenced matter, Cameron Collins and Stephen Zarsky (collectively, the "Defendants") and submit this letter in response to the Government's June 14, 2019 letter, ECF No. 104.

As the Court is aware, Defendants requested, in fully briefed and argued motions, that the Government comply with its *Brady* and Rule 16 obligations with regard to material consensually provided to the Government by alleged co-conspirators and electronically stored information ("ESI") of alleged co-conspirators obtained through search warrants, including ESI currently in the possession of the Government that the Government deemed early in the investigation to be "non-responsive" to the warrants. Defendants specifically moved the Court to compel the Government to either: (1) search the purportedly "non-responsive" ESI for *Brady* and Rule 16 material; or (2) produce all of the purportedly "non-responsive" ESI to Defendants so that they can perform their own search for exculpatory information. The Government has refused Defendants' request to search the ESI for *Brady* and Rule 16 material on the basis of a legal fiction that it does not possess the purportedly "non-responsive" search warrant material that is in the Government's physical possession. Defendants have argued: (1) that the Government's *Brady* and Rule 16 obligations apply to everything within its possession, custody and control, and the Government cannot avoid its obligations by simply arguing that it does not have "legal" possession of the purportedly "non-responsive" material, particularly where Second Circuit precedent clearly allows the Government to possess the material for multiple purposes; and (2) this novel position of the

Government is of recent vintage and contradicts the Government's earlier stance on the same issue. At the last hearing, Your Honor directed the Government to seek consent from the co-conspirators whose data is at issue and, if given, to produce the data to Defendants. To the extent consent was not given, the Government was directed to report that information back to the Court.

The Government has now reported to the Court that all of the alleged co-conspirators whose ESI was obtained by the Government—*except CC-5*—have consented to the production of the entire ESI, including purportedly "non-responsive" materials, to Defendants. The Government produced those materials to Defendants on June 17, 2019. It is surprising that CC-5, who is a Government cooperator to whom the Government granted a non-prosecution agreement, is the only alleged co-conspirator to have refused consent. The Government's non-prosecution agreement with CC-5, which has not been produced to Defendants, likely requires him to cooperate fully with the Government, which would include providing information the Government requests. Thus, the Government appears to be in the dubious position of arguing that it is unable to comply with its discovery obligations because: (1) it does not legally possess material it physically possesses; and (2) its cooperating witness refuses to allow it to produce that same material to Defendants. The Government's reliance on CC-5's lack of consent to justify withholding these materials is even more confounding given that CC-5 previously signed an FD-26 "consent to search" form that allowed the Government to search the entire contents of CC-5's two phones and an iPad, which presumably would contain some, if not all, of the withheld ESI. Apparently, the contents of at least one phone are not available to Defendants or the Government because the image taken by the FBI was corrupted.

This Court should not allow the Government to use its own cooperator's supposed lack of consent, or its recently adopted "non-responsive" search warrant argument, to dodge its *Brady* and Rule 16 obligations. In *United States v. Kilroy*, 523 F. Supp. 206 (E.D. Wis. 1981), as relied on by Judge Kaplan in *United States v. Stein*, 488 F. Supp. 2d 350 (S.D.N.Y. 2007), the court held that the records of a cooperating witness should be treated as within the Government's custody for purposes of its discovery obligations. *Kilroy*, 523 F. Supp. at 215. In *Kilroy*, the court directed the Government to request under the cooperation agreement that the cooperating company provide the documents requested by the defendant. *Id.* Unlike in *Kilroy*, the Government here need not even make an additional request of its cooperator for the documents because the Government already possesses them. The Government, per its own letter, is in possession of iCloud data for CC-5. ECF No. 104. There is no legal basis for the Government to resist Defendants' requests, and we respectfully request the Court to grant Defendants' motion to compel.

Honorable Vernon S. Broderick
June 28, 2019
Page 3

      Separately, in his motion concerning the Speech or Debate Clause, Representative Collins made a request for the disclosure of all materials, including purportedly "non-responsive" ESI, that the Government had obtained either consensually or via search warrant from Congressional staffers or former staffers. Only one former staffer has refused to consent to the review or production of purportedly "non-responsive" search warrant materials. This issue is also ripe for decision.

Sincerely,

Jonathan R. Barr

cc: All Counsel of Record (via ECF)