

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 6, 2019

**BY ECF**

The Honorable Vernon S. Broderick
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    <u>United States v. Christopher Collins, et al.</u>, **S1 18 Cr. 567 (VSB)**

Dear Judge Broderick:

    Earlier today, a grand jury in this District returned Indictment S1 18 Cr. 567 (VSB) (the "S1 Indictment"), which supersedes the indictment previously returned in this matter on August 8, 2018 (the "Original Indictment").[1] The S1 Indictment differs from the Original Indictment in two key respects.[2]

    First, the S1 Indictment removes references to conduct that defendant Christopher Collins contends (or could contend) is protected by the Speech or Debate Clause. Those references are: (1) a discussion that appeared in paragraph 24 of the Original Indictment regarding the Office of Congressional Ethics ("OCE") investigation concerning Congressman Collins's holdings in, and promotion of, Innate Immunotherapeutics Limited ("Innate"); and (2) a discussion that appeared in paragraph 42 of the Original Indictment regarding a statement issued by Congressman Collins's press office that the Government contends was misleading.

    Second, the S1 Indictment narrows the scope of the conspiracy charged in Count One and reduces the number of defendants charged in Counts Six through Eight. The Original Indictment alleged that the conspiracy's members included the three charged defendants and multiple

---

[1] A courtesy copy of the S1 Indictment, along with a redline comparing it to the Original Indictment, are being provided to the Court under separate cover.

[2] Because the information contained in this letter implicates principles of grand jury secrecy embodied in Federal Rule of Evidence 6(e), the Government submits this letter *ex parte* and requests that it be accepted for filing under seal. If the Court grants the Government's motion to release the grand jury minutes, which is discussed below, then the Government will promptly file this letter on the public docket.

August 6, 2019
Page 2

unnamed individuals, identified as CC-1, CC-2, CC-3, CC-4, CC-5, and CC-6.  The S1 Indictment alleges that the conspiracy's members include the three charged defendants, as well as CC-1 (now identified as "Individual-1"), and CC-2 (now identified as "Individual-2").  CC-3, CC-4, CC-5, and CC-6 (now identified as "Individual-3," "Individual-4," "Individual-5," and "Individual-6," respectively) are alleged to be downstream tippees but not members of the *charged* conspiracy.[3]  Furthermore, Christopher Collins is no longer named as a defendant in Counts Six, Seven, and Eight; and Cameron Collins is no longer named as a defendant in Counts Six and Seven.

The Government has made these modifications to the Original Indictment in an effort to avoid unnecessary pretrial litigation that could delay the resolution of this matter, including the possibility of an interlocutory appeal.  Although the Government continues to vigorously dispute Congressman Collins's claim that the Original Indictment was tainted by violations of the Speech or Debate Clause, the grand jury presentation that resulted in the S1 Indictment did not include those facts over which Collins has asserted a claim of privilege.  Moreover, the grand jury that returned the S1 Indictment was not constituted at the time of the Original Indictment, and thus there can be no claim that information presented in connection with the Original Indictment has tainted the S1 Indictment.  In order to allow Congressman Collins to verify this for himself, the Government seeks permission from the Court to provide him (and all other defendants) the grand jury minutes that underlie the S1 Indictment.[4]

It should be emphasized that in making these modifications to the Original Indictment, the Government does not intend to restrict in any way the evidence that it may rely upon at trial.  Subject to the Court's rulings on admissibility, the Government reserves the right to offer any and all evidence that it deems relevant to the charges in the S1 Indictment, including evidence to which Congressman Collins (or any other defendant) has objected on Speech or Debate grounds or otherwise.  Indeed, the Government presently anticipates offering, among other things, testimony of congressional staffers regarding the allegedly misleading press statement and their conversations with Congressman Collins regarding trading in Innate, evidence regarding the OCE investigation, and admissible statements by Individuals-3, -4, -5, and -6 regarding the circumstances of their trading.

To that end, the Government anticipates filing a motion *in limine* concerning evidence that could implicate the Speech or Debate Clause.  Should the defendants object to any of that evidence, and should their objections be overruled, they will of course be entitled to seek redress in the Court of Appeals, but only after a final judgment has been entered.  *See United States v. McDade*, 28 F.3d 283 (3rd Cir. 1994) (Alito, J.) (concluding that, even in the context of a Speech or Debate claim, "it is settled that a ruling on the admissibility of evidence at a criminal trial is not completely

---

[3] The Government reserves the right to argue at trial, particularly for the purposes of establishing admissibility of certain statements pursuant to Rule 801(d)(2)(E), that some or all of these individuals were members of one or more subordinate conspiracies with one or more of the charged defendants.

[4] The Government anticipates that, if this request is granted, the minutes would be provided to defense counsel pursuant to Rule 16 and subject to the protective order in this case.

August 6, 2019
Page 3

separate from the merits of the case," and thus not appealable until a final judgment has been entered.).

                Respectfully submitted,

                GEOFFREY S. BERMAN
                United States Attorney

By:    /s/_____
                Scott Hartman/Max Nicholas/Damian Williams
                Assistant United States Attorneys
                (212) 637-2357/1565/2298