

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 3, 2019

**BY ECF**
The Honorable Vernon S. Broderick
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    <u>United States v. Christopher Collins, et al.</u>, S1 18 Cr. 567 (VSB)

Dear Judge Broderick:

      The Government respectfully submits this letter to address Congressman Collins's letter dated August 26, 2019 (the "August 26 Letter"). The August 26 Letter raises the concern that Congressman Collins intends to use an interlocutory appeal (or a series of such appeals) to delay the trial in this case, which has long been scheduled for February 3, 2020. The Government substantially disagrees with the views articulated in the August 26 Letter regarding the scope of Congressman Collins's interlocutory appellate rights. Regardless of any disagreement concerning that issue, however, the Government writes to make its position clear that the February 2020 trial should proceed as scheduled, including against only Cameron Collins and Stephen Zarsky if necessary.

### The Pending Charges and the Setting of the February 2020 Trial Date

      Congressman Collins, Cameron Collins, and Stephen Zarsky were indicted in August 2018 for insider trading and making false statements to the FBI. While the charges are serious, the underlying conduct is simple. The insider trading scheme unfolded over four days in June 2017; the defendants lied to the FBI during interviews on a single day in April 2018. Trial will be short. It should last two weeks—or less.

      As the Court knows, the Government requested a trial date in 2019. The defendants, Congressman Collins included, resisted. The Court ultimately set the February 2020 trial date with the understanding and explicit agreement of all parties that this date provided more than enough time for motion practice, including on Speech or Debate issues, and trial preparation. *See* Tr. of October 11, 2018 Conf. (Docket No. 44) at 18. Since that time, the Court has consistently

made clear that "we are not going to move the trial date."[1]  And indeed, Congressman Collins has previously represented to the Court that he is not seeking to move the trial date.[2]

### The Strong Public Interest in a February 2020 Trial

There are good reasons for the Court to insist that the February 2020 trial proceed without delay.  As in every case, not just cases involving a sitting U.S. Congressman, there is a strong public interest in having the matter brought to a speedy resolution, because "swift, but just, adjudication of criminal charges serves as a deterrent and engenders a healthy respect for the laws and the institutions that administer them."[3]  Delay also prejudices the Government, which has the burden of proof, by risking that witnesses' memories will dim with the passage of time.  That concern is particularly acute here, because any adjournment of the trial date will risk pushing the trial into the 2020 primary and general election cycle, a complication that the Government warned of at the conference when the February 3 date was set.[4]

### Congressman Collins's Interlocutory Appellate Rights

Although it is not presently necessary for the Court to adjudicate the contours of Congressman Collins's interlocutory appellate rights, the Government notes for the Court's awareness its substantial disagreement with the legal positions articulated in the August 26 Letter regarding the merits and scope of any interlocutory appeal filed by Congressman Collins.

With respect to any motion to dismiss the Superseding Indictment, Congressman Collins concedes the Superseding Indictment makes no reference to material protected by the Speech or Debate Clause and concedes that no privileged materials were shown to the grand jury.  *See* August 26 Letter at 3-4.  Accordingly, any motion to dismiss the Superseding Indictment on Speech or Debate grounds would almost certainly be meritless.  It follows that any interlocutory appeal from an order denying a motion to dismiss, while procedurally permissible, *Helstoski v. Meanor*, 442 U.S. 500, 506–07 (1979), will also be substantively meritless.

Congressman Collins nonetheless asserts that he is "entitled to immediate[ly] appeal" "[a]ny decision bearing on the Speech or Debate Clause."  *See* August 26 Letter at 5.  That is not the law.  "*Helstoski* [was] justified on the ground that it was appropriate to interrupt the trial when the precise right asserted was the right not to be tried."  *Sell v. United States*, 539 U.S. 166, 191

---

[1] *See* Tr. of December 18, 2018 Conf. (Docket No. 57) at 23 (the Court making clear that notwithstanding Speech or Debate Clause briefing that Congressman Collins may choose to pursue, "we are not going to move the trial date"); Tr. of May 10, 2019 Conf. (Docket No. 100) at 78 ("[The Court:] I want to make sure that this case moves forward.  We have a trial date in February of 2020.  I just want to make sure that we're on track and we're going to do that.").

[2] *See* December 18 Tr. at 23 ("[Counsel for Congressman Collins:] I wasn't suggesting that [the trial date be moved], Your Honor.").

[3] H.R.Rep. No. 93-1508, p. 8, U.S.Code Cong. & Admin.News 1974, pp. 7401, 7456; *see also Zedner v. United States*, 547 U.S. 489, 501 (2006) (long pretrial delays "impair[] the deterrent effect of punishment").

[4] *See* Oct. 11 Tr. at 16.

(2003) (Scalia, J., dissenting). "The Supreme Court limits interlocutory appeals to litigants who have a personal immunity—a 'right not to be tried.' No personal immunity, no interlocutory appeal." *United States v. Schock*, 891 F.3d 334, 337 (7th Cir. 2018) (Easterbrook, J.).

Unlike a denial of a motion to dismiss, routine discovery or evidentiary rulings touching upon Speech or Debate matters do not implicate a member of Congress's legislative immunity. Such rulings merely concern what evidence should be produced or presented at trial. Any ruling on such a claim is not "'effectively unreviewable on appeal from a final judgment,'" and thus not appealable under the collateral order doctrine. *United States v. Robinson*, 473 F. 3d 487, 490 (2d Cir. 2007) (quoting *Sell v. United States*, 539 U.S. 166, 176 (2003)); *see also id.* ("[T]he Supreme Court has interpreted the collateral order doctrine with the utmost strictness in criminal cases, and has narrowly limited its application in such cases." (internal quotation marks omitted) (citing *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 799 (1989), and quoting the Supreme Court's statement that it has "found denials of only three types of motions to be immediately appealable: motions to reduce bail, motions to dismiss on double jeopardy grounds, and **motions to dismiss** under the Speech or Debate Clause" (emphasis added))).

Indeed, both the Third Circuit and the D.C. Circuit have rejected precisely the claim that Congressman Collins makes in the August 26 Letter. *See United States v. McDade*, 28 F.3d 283, 301 (3d Cir. 1994) (Alito, J.) ("Although the parties and the amici in this case seem to assume that any ruling under the Speech or Debate Clause is appealable under the collateral order doctrine, neither the Supreme Court nor this court has so held."); *Search of Electronic Communications in the Account of chakafattah gmail.com*, 802 F.3d 516 (3d Cir. 2015) (concluding that Third Circuit lacked jurisdiction to hear an interlocutory appeal on Speech or Debate grounds from the district court's ruling denying a motion to quash a search warrant); *United States v. Rostenkowski*, 59 F.3d 1291, 1301 (D.C. Cir. 1995) (declining to assert jurisdiction over district court's denial of a motion for a pretrial hearing).[5]

### A Trial of at Least Cameron Collins and Stephen Zarsky Should Proceed in February 2020

Regardless of how any interlocutory appeal filed by Congressman Collins plays out, any such appeal would have no effect on the February 3, 2020 trial against Cameron Collins and Stephen Zarsky, who have no privilege to assert under the Speech or Debate Clause, have no standing to join any Speech or Debate issue before this Court (and would not be party to any interlocutory appeal), and have no entitlement to stay trial pending the resolution of any interlocutory appeal taken by Congressman Collins.[6] Accordingly, and because of the strong

---

[5] The cases cited by Congressman Collins at pages 5-6 of the August 26 Letter do not concern the Speech or Debate Clause at all (*United States v. Hollywood Motor Car Co.*, 458 U.S. 263 (1982); *United States v. Culbertson*, 598 F.3d 40, 46 (2d Cir. 2010)), concern appeals from a final order, such as a motion to quash (*Gravel v. United States*, 408 U.S. 606 (1972); *Eastland v. United States Servicemen's Fund*, 421 U.S. 491 (1975)), or concern interlocutory appeals where jurisdiction was premised on a colorable motion to dismiss (*United States v. Myers*, 635 F.2d 932 (2d Cir. 1980); *United States v. Kolter*, 71 F.3d 425 (D.C. Cir. 1995)). None of these cases hold that discovery and evidentiary claims premised on the Speech or Debate Clause are immediately appealable.

[6] It bears noting that the Court has the authority to try Congressman Collins during the pendency of any Speech or Debate appeal that the Court deems frivolous. While a normal appeal taken from an appealable order functions to

September 3, 2019
Page 4

public interest in seeing the facts of this case adjudicated as soon as possible, the Government is prepared to proceed to trial against Cameron Collins and Stephen Zarsky in February 2020.

### A Proposed Schedule

As set forth above, the Court can and should proceed with the trial in February 2020. While the Government believes strongly that a trial should proceed in February 2020 against only Cameron Collins and Stephen Zarsky if necessary, it also believes that the Court could enter a schedule that provides sufficient time for any interlocutory appeal by Congressman Collins possibly to be resolved before the February 2020 trial. If the Court is inclined to enter such a schedule, the Government respectfully proposes the following:

| | |
|---|---|
| October 1, 2019: | Deadline for any remaining pretrial motions that any defendant wishes to bring; |
| October 14, 2019: | Deadline for the Government to respond to any such motions; |
| October 21, 2019: | Any reply briefs. |

In the Government's estimation, in order to maximize the possibility that an interlocutory appeal could be resolved in time for trial, any of Congressman Collins's motions relating in any way to Speech or Debate issues would need to be resolved by November 11, 2019.[7] In the event that the Court enters such a schedule or a similar schedule, the Government would be willing to produce by September 15 (approximately four months in advance of trial) any Jencks Act materials in its possession that may implicate Congressman Collins's privilege under the Speech or Debate Clause, so that he can include in his pretrial motions (as opposed to waiting for motions *in limine*)

---

divest the district court of control over aspects of the case involved on appeal, this rule is merely prudential. *See United States v. Rodgers*, 101 F.3d 247, 251–52 (2d Cir. 1996). As the Second Circuit has emphasized, courts must be careful to be "faithful to the principle of judicial economy from which it springs" and should not permit "a party to halt district court proceedings arbitrarily." *Id.* Accordingly, in the analogous context of motions to dismiss on double jeopardy grounds, which are likewise immediately appealable, the law in this Circuit has long been that "[a] district court may retain jurisdiction and proceed to trial, despite the pendency of a defendant's interlocutory double jeopardy appeal, when the appeal is frivolous." *United States v. Millan*, 4 F.3d 1038, 1044 (2d Cir. 1993); *see also United States v. Salerno*, 868 F.2d 524, 539 (2d Cir. 1989) (collecting cases); *see also Richardson v. United States*, 468 U.S. 317, 326 n.6 (1984) (noting, in the context of an appeal from a double jeopardy motion, that where "no set of facts will support the assertion of a claim of double jeopardy, . . . there is little need to interpose the delay of appellate review before a second trial can begin.").

[7] The motions *not* relating to Speech or Debate issues can be adjudicated after Congressman Collins initiates an interlocutory appeal. *See, e.g.*, *Plotkin v. Pac. Tel. and Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982) ("We hold that an appeal from an interlocutory order does not stay the proceedings, as it is firmly established that an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case.") (citing *Ex parte Nat'l Enameling and Stamping Co.*, 201 U.S. 156, 162 (1906)).

September 3, 2019
Page 5

any arguments he wishes to make about the admissibility at trial of such materials,[8] and can accordingly attempt to appeal any rulings on those issues as well in one interlocutory appeal.[9]

                                         Respectfully submitted,

                                         GEOFFREY S. BERMAN
                                         United States Attorney

By:     /s/_____
           Scott Hartman/Max Nicholas/Damian Williams
           Assistant United States Attorneys
           (212) 637-2357/1565/2298

---

[8] Because the early production of Jencks Act material would include statements or testimony of congressional staff, it would further limit Congressman Collins's outstanding discovery motion relating to Speech or Debate issues to two items: the non-responsive ESI from a congressional staffer who does not consent to the Government's production of that non-responsive ESI to Congressman Collins, and portions of the original grand jury testimony that do not constitute the statements of trial witnesses.

[9] The Government, of course, reserves all rights to seek to dismiss any such aspect of an interlocutory appeal.