# BakerHostetler

Baker&Hostetler LLP

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5403

T 202.861.1500
F 202.861.1783
www.bakerlaw.com

September 6, 2019

Jonathan R. Barr
direct dial: 202.861.1534
jbarr@bakerlaw.com

**VIA ECF**

Honorable Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:   United States v. Christopher Collins et al., *No. 18 Cr. 567 (VSB) (S.D.N.Y.)*

Dear Judge Broderick:

We write on behalf of our client, defendant Christopher Collins, as well as the other defendants in the above-referenced matter, Cameron Collins and Stephen Zarsky (collectively, the "Defendants"), and respectfully submit this letter in response to the Government's September 3, 2019 letter that: (i) proposes an unwarranted and unworkable amended briefing schedule without prior consultation with Defendants; (ii) conditionally offers, for the first time, to produce some, but not all, of the discovery requested by defendant Christopher Collins in short order; and (iii) raises, for the first time, the question of severance.

*The Government's Proposed Schedule is Unnecessary and Unworkable*

The Court has already established a briefing schedule for substantive motions that all of the parties, including the Government, agreed was reasonable and warranted, as it rationally trailed the determination of the pending discovery motions by four weeks. As the Court stated, "four weeks from when we issue the decision, we're going to expect the defense motions." Tr. 86:12-13 (May 10, 2019). Given that the Government has chosen not to concede any of the pending discovery motions, the resolution of those motions remains a necessary prerequisite for Defendants to determine the nature and substance of any substantive motions they may choose to file. The current motions schedule (four weeks following discovery motion decisions) recognizes this necessity and should remain in place.

Nonetheless, the Government's submission proposes a briefing schedule prior to conferring with defense counsel. Had they consulted with us, we would have pointed out that a

schedule *already* exists, and also that counsel for at least two Defendants has upcoming international travel during various dates in September. This new proposed schedule would place an undue and unnecessary burden on Defendants.

The Government implores the Court to set a condensed briefing schedule, to meet an arbitrary government-imposed deadline without considering the needs or schedule of the Court or Defendants, notwithstanding that discovery motions are still pending and a schedule they previously agreed to which accommodates the Defendants' right to mount a defense remains in place. The Government's position is apparently based upon the presumptuous, unfounded premise that the pending motions will be denied, that any appeal is without merit, and that Defendants' efforts to protect their constitutional rights should be curtailed in favor of expeditiousness. Each premise is flawed. To the extent that the Government expresses "concern" that Congressman Collins may seek to delay the trial date by exercising his appellate rights, it conveniently glosses over the fact that any purported delay is due to its own conduct. Defendants first requested that the Government produce the discovery subject to the pending motions nine months ago, and, until their most recent letter to the Court, the Government steadfastly refused to produce any of it. Additionally, despite discussing with the Court in May the idea of seeking a superseding indictment to address some of the issues raised in the motions filed in February, the Government waited until August to supersede, prompting the current exchange of letters and the Government's sudden rush to accelerate the schedule for filing pre-trial motions.

*Economy Is Best Served by Immediate Disclosure*

Congressman Collins has been requesting limited discovery tailored to the Speech or Debate Clause since at least December 2, 2018. *See* ECF No. 63 at 22-23 ("[O]n December 2, 2018, counsel requested . . . tailored categories of material under Fed. R. Crim. P. 12 and 16 to enable counsel to determine the extent of any violations of the Speech or Debate Clause, and whether the investigative teams or grand jury were further tainted by reviewing additional protected material"). The Government has consistently resisted, on the one hand, while on the other hand asserting it has nothing to hide. For the first time, on August 6, 2019, the Government abandoned its position with respect to withholding grand jury material. Its position has now changed again, such that it is now conditionally "willing" to produce certain additional materials bearing on the Speech or Debate Clause in an effort to streamline consideration of the issues.

Given that there has been no meet-and-confer, Defendants are somewhat unclear about what exactly the Government is offering to produce. For instance, although the Government offers to produce "Jencks Act material . . . that may implicate Congressman Collins's privilege under the Speech or Debate Clause," it is unclear whether this would include *all* statements and testimony obtained from congressional staff. The Government indicates in a footnote that its offer does not include "portions of the original grand jury testimony that do not constitute the statements of trial witnesses." It is impossible for Defendants to know what this excludes. Would the Government withhold grand jury testimony implicating the Speech or Debate Clause that is not testimony of congressional staff? Would it withhold exhibits shown to the grand jury, including exhibits that it intends to offer at trial? Moreover, the Government fails to explain how it proposes to resolve the other outstanding discovery requests subject to the pending motions, such as the non-responsive ESI that it obtained from a congressional staffer. While Defendants

Honorable Vernon S. Broderick
September 6, 2019
Page 3

appreciate the Government's offer to provide materials that may obviate certain open issues, the suggestion is too opaque to fully evaluate.[1] If the Government truly desires to expedite the Court's consideration of the serious constitutional and other pre-trial issues to be raised in the Defendants' substantive motions, it should simply disclose all of the categories of information sought by the discovery motions, which categories are, already, quite narrow.

Similarly, the Government contradicts its own "judicial economy" argument by proposing a bifurcated trial schedule that is anything but economical. On the one hand, the Government relies on "the principle of judicial economy" as support for its proposal that the Court proceed to trial against Congressman Collins despite the pendency of an interlocutory appeal. But on the other hand, and in total disregard for the principle of judicial economy, the Government threatens to sever this case and proceed with two trials: one against Cameron Collins and Stephen Zarsky in February 2020, and one against Congressman Collins at a different time. The Government's positions are inherently inconsistent insofar as "judicial economy" is concerned, since the proposed approach would involve at least twice as much of the Court's time and resources, two juries, additional defense expenses (particularly for the second trial team), and at least twice the resources from the Government.

The Government's unilateral request without conferring with defense counsel to dramatically change the current motion schedule based upon its own arbitrary desired deadline is premature and puts the cart before the horse. There is no reason to change the agreed-upon motion schedule that accommodates Defendants' need for a ruling on discovery motions and enough time to review additional discovery before filing substantive motions. No one has discussed moving the proposed trial date, and there is no need to revise the current motions schedule.

Sincerely,

Jonathan R. Barr

cc: All Counsel of Record (via ECF)

---

[1] Additionally, the offer is conditional on imposition of a briefing schedule that, as discussed above, is unworkable and inappropriate.