# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

August 4, 2020

Jonathan B. New
direct dial: 212.589.4650
jnew@bakerlaw.com

**VIA ECF**

Honorable Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:   United States v. Christopher Collins, et al*., No. 18-cr-567 (VSB) (S.D.N.Y.)*

Dear Judge Broderick:

      We are counsel for Defendant Christopher Collins in this matter and write regarding the date on which Mr. Collins must surrender at the institution designated by the Bureau of Prisons ("BOP") for service of his sentence (the "Report Date"). Specifically, we respectfully request that Mr. Collins' Report Date be extended and re-set to **2:00 pm on October 13, 2020**, for the reasons set forth below. We have conferred with counsel for the Government, and the Government consents to the requested continuance.

      By way of background, on January 17, 2020, Mr. Collins appeared before Your Honor for sentencing pursuant to his plea of guilty to one count of conspiracy to commit securities fraud and one count of making a false statement. At sentencing, Your Honor, in relevant part, sentenced Mr. Collins to concurrent sentences of 26 months imprisonment, recommended that Mr. Collins be designated to FPC Pensacola in Florida and set a Report Date of March 17, 2020. On January 31, 2020, a Judgment in a Criminal Case issued as to Mr. Collins, ECF No. 171, formalizing this sentence. On February 28, 2020, Mr. Collins moved the Court, with the Government's consent, to continue the Report Date to April 21, 2020, because Mr. Collins had not yet been processed into the BOP system, had not been designated to a facility and there was a concern that the designation would not be able to occur prior to March 17. (ECF No. 181). The Court granted the motion to continue the Report Date to April 21, 2020. (ECF No. 182).

      On April 1, 2020, Mr. Collins again, and with no objection from the Government, moved the Court to further extend his Report Date by approximately sixty days in recognition of the

Honorable Vernon S. Broderick
August 4, 2020
Page 2

impact of the worldwide COVID-19 pandemic. (ECF No. 184). At that time, there were fewer than 900,000 confirmed cases and fewer than 43,000 deaths worldwide. The figures for the United States stood at approximately 190,000 and 4,000, respectively. *See id.* at 2. That letter further detailed Centers for Disease Control and Prevention guidance identifying individuals at higher risk of contracting and suffering severe illness from COVID-19 to include those are 65 and older or those who suffer from a variety of chronic health conditions including chronic lung disease or moderate to severe asthma and serious heart conditions. *Id.* Mr. Collins is older than 65 and has additional risk factors. *Id.* at 3. The impact of the pandemic on U.S. jail and prison populations is particularly acute, and potentially disastrous. *See id.* at 3-4.

Thereafter, on May 28, 2020, Mr. Collins again, and with no objection from the Government, moved the Court to further extend his Report Date by approximately sixty days in recognition of the continued and worsening pandemic. (ECF No. 187). The Court granted the request the following day and Mr. Collins' Report Date is currently August 18, 2020. Since the time of the May request, confirmed COVID-19 cases have continued to rise. As of August 3, 2020, confirmed cases and deaths worldwide stand at approximately 18.1 million and 700,000, respectively, with domestic tallies of approximately 4.7 million and 155,000.[1]

Although almost certainly underreported,[2] official statistics within the BOP system detail nearly 10,700 confirmed COVID-19 cases and 106 deaths among prisoners.[3] The BOP has continued various COVID-19 response measures, to include quarantine and isolation, suspension of visitation (to include attorney visits), and limitations on prisoner movement.[4] Finally, with respect to FPC Pensacola, we previously noted that the BOP itself sought delayed reporting to that facility because "some BOP minimum security camps do not have restrictive housing that would be necessary for a quarantine, local municipal or county jails are the only available option for housing an inmate who voluntarily surrenders with possible COVID-19 exposure. Unfortunately, many local jails are refusing to admit such inmates at this time." *See* ECF No. 184, Ex. A.

We respectfully submit that the ongoing pandemic constitutes good cause for continuing the Report Date of Mr. Collins from August 18, 2020 to 2:00 pm on October 13, 2020. The situation has continued to deteriorate, and given current conditions in BOP prisons, Mr. Collins, who is an elderly, first-time, non-violent offender, would face a serious and unnecessary risk to his health and well-being.

---

[1] *Johns Hopkins University (JHU) "Coronavirus Resource Center"* available at https://coronavirus.jhu.edu/
[2] https://www.reuters.com/article/us-health-coronavirus-usa-jails-specailr/special-report-death-sentence-the-hidden-coronavirus-toll-in-u-s-jails-and-prisons-idUSKBN22U1V2
[3] https://www.bop.gov/coronavirus/ (four deaths were prisoners on home confinement)
[4] https://www.bop.gov/coronavirus/covid19_status.jsp

Honorable Vernon S. Broderick
August 4, 2020
Page 3

As courts have recognized, adding additional inmates to a BOP system under strain should be avoided at present. Good cause exists for granting the requested relief.

Respectfully submitted,

*/s/ Jonathan B. New*
Jonathan B. New
Jonathan R. Barr
Kendall E. Wangsgard
BakerHostetler LLP
212.589.4650

*Counsel for Christopher Collins*

cc: All Parties (*via* ECF)