Hon Judge Broderick

Chris Collins has always walked around with his nose in the air like he is better than everyone. Long term jail is not the answer. Money is everything to him. Buffalo, N.Y. just lost one hell of a Great man named Mark Croce in a hellicoptor crash who did more for the 27th Distric then Chris Collins could Dream of.

IF it was I sentencing him I would Give Him 1 1/2 years and make him pay 5 Million to A Fund For the STATLER TOWERS IN BUFFALO NY WHICH WOULD HELP MAYOR BRYRON BROWN AND THOSE IN THE 27TH DISTRICT TO ENJOY ON COLLINS DIME AFTER ALL HE HASN'T DONE CRAP FOR THE 27TH DISTRICT - THEN DEDICATED IN MEMORY OF MARK CROCE. IF CHRIS COLLINS WAS HALF THE MAN AS MARK CROCE HE WOULD BE SO RESPECTED.

PLEASE BE EASY ON HIS SON AND THE SONS FUTURE FATHER IN LAW, THEY WERE THE VICTIMS OF CHRIS COLLINS

AS A REPUBLICAN I VOTED AGAIN FOR DEMOCRAT MARK POLONCARSE FOR ERIE COUNTY EXCUTIVE WHICH WAS ONCE HELD BY COLLINS YEARS AGO. HE HAS TURNED ERIE COUNTY AROUND — COLLINS WAS A LOUSY Poutatioum THEN. THE MAN TRUELY

SUCKS

January 29, 2020

Honorable Katherine Polk Failla
United States Courthouse, Courtroom 618
40 Foley Square
New York, NY  10007

Re:  **SEC vs. Christopher Collins, et al.**
     <u>**Case No. 1:18-cr-00567-VSB**</u>

Dear Judge Failla:

I am writing to provide you with information that you may wish to consider in determining Chris Collins' sentence.

I served for over 31 years as an attorney with the SEC; 18 years in the Division of Enforcement, and 13 years in the Division of Corporation Finance.  I negotiated a number of settlements with insider traders on behalf of the SEC during my time in Enforcement.  During that time, I also guest-lectured on insider trading for several years at Georgetown University's McDonough School of Business.

I have enclosed an initial draft of an Op-Ed piece I wrote about Congressman Collins' unusually sweet settlement deal with the SEC.  I have also enclosed a finalized copy of my Op-Ed as it was published by the New York Daily News.  The reason I am enclosing the initial draft is because it contains a more extensive summary of the background research I did on this matter.  I thought it might be helpful, based upon my knowledge, experience, and research, if I brought this to your attention.

Finally, I am enclosing an SEC Litigation Release published earlier this month that gives you some idea of how outside the norm the Collins settlement really is.  For my Op-Ed piece, I reviewed the SEC's 667 SEC Litigation Releases published in 2018 and 2019.  As of today, the Litigation Release enclosed (*SEC vs. Robert O. Car and Katherine M. Hanratty*, Lit. Rel. No. 24713, Jan. 12, 2020) is the most recent release addressing insider trading.  As you will read, the CEO-tipper did not purchase or sell securities, but his girlfriend-tippee did.  Nonetheless, each of the defendants was required to pay a penalty of $250,628, which was the amount of

disgorgement. In the Collins matter, the SEC determined that Chris Collins, his son, and the father of the son's girlfriend should not pay any penalties at all!

I'd also like to highlight two additional points for your consideration. First, when the SEC initially filed its complaint against Chris Collins and four co-defendants in August 2018, it sought penalties from all of them. When two of the tippees settled with the SEC later that month (the girlfriend of Collins' son and her mother) both were required to pay penalties. One wonders why the two women defendants were required to pay penalties then, and the three male defendants are not being required to pay any penalties now.

Also, the decision not to impose penalties on Collins and his two co-defendants, and to relieve Collins of any disgorgement obligation whatsoever, would not have been made by the SEC staff; as you are likely aware, the SEC staff does not have that authority. That decision could only have been made by the Chairman and the four Commissioners at the top of the SEC, three of whom are Republicans, and all of whom were appointed by President Trump.

I spent my career with the SEC endeavoring to protect investors, and I deeply cared about what I did. I think that the people of New York, and investors everywhere, deserve better in the Collins case. Our elected officials should maintain the highest ethical and moral standards, and if they effectively steal from other investors, they should be punished accordingly.

Respectfully,

John Y. Britt

John Y. Britt

**Rep. Chris Collins' Unusually Sweet Settlement Deal With the SEC**

Chris Collins was the first Congressman to endorse Donald Trump for President in 2016, and the first Congressman to be busted by the SEC and DOJ for insider trading committed while standing on the White House lawn.  Why is he being given preferential treatment by the SEC?

Collins, a three-term Congressman, was a director and the largest shareholder of a small Australian biotech company that is publicly traded in the U. S.  On the evening of June 22, 2017, Collins called his son from the White House lawn and tipped him about "extremely bad news" (per the SEC's Complaint) that he'd just received about the company that was not yet public.  His son then dumped his stock in the company, as did the son's friend, girlfriend, the girlfriend's father and mother, a friend of the girlfriend's father, and the girlfriend's uncle.  They avoided significant losses when the bad news became public and the company's stock dropped over 90% in value.

Insider trading is not a victimless crime.  The perpetrator is literally stealing from other investors who didn't know the non-public information the thief knew when he bought or sold the company's stock.  The Department of Justice can bring criminal charges for insider trading and put the fraudster in prison, but the SEC has authority only to go after an insider trader in a civil action in federal court.  Consequently, the DOJ and the SEC often bring what are known as "parallel proceedings."

In insider trading cases, the SEC almost always seeks penalties as part of the relief requested, and that's what the SEC did initially with Collins and four of the tippees back in August 2018.  In fact, when the SEC announced a few days later that it had settled with two of the tippees (the girlfriend of Collins' son and her mother), each woman was required to pay disgorgement and prejudgment interest, *PLUS* a one-time penalty.

In August, 2019, the SEC announced that it had settled with Collins, his son, and the girlfriend's father.  Having successfully negotiated several insider trading settlements with individual defendants during my 31 years as an attorney with the SEC, I was surprised when I read the SEC's Litigation Release announcing the settlement terms the Commission (the five political appointees who run the SEC) had approved for Collins and the other two defendants.

1

In insider trading cases, wrongdoers who settle with the SEC are generally required to disgorge the profit they made from their stock trades (or as is the case here, the loss they avoided), plus prejudgment interest, plus a penalty equal to one time the disgorgement amount. However, if the SEC has to litigate, it will seek a penalty of as much as three times the disgorgement amount; the one-time penalty is the sweetener the thief gets if he settles before trial. That is standard SEC Enforcement policy, and every attorney in the securities defense bar knows it. Yet, surprisingly, Collins and the two defendants who are settling with him aren't being required to pay any penalties at all!

Moreover, in tipper-tippee insider trading cases, a tipper (here, Collins) is often on the hook along with the tippees for the total amount of ill-gotten gains plus pre-judgment interest on that amount—in this instance, $794,179. It doesn't matter if the tipper traded stock or not; he's also liable. I actually negotiated a settlement in an insider case like that against a Hollywood producer who had tipped his brother, but had not himself traded.

That didn't happen here. Collins doesn't have to pay anything; no disgorgement, no pre-judgement interest, and no penalty. Whereas Collins and the two defendants should be collectively on the hook for over $1.5 million, at a minimum, Collins walks away owing nothing, and the other two thieves walk away without paying any penalties.

Curious as to whether the SEC Enforcement policy concerning insider trading settlements has recently changed, I reviewed the agency's 677 Litigation Releases published in 2018 and 2019. Of the 86 Releases I found that concerned or involved insider trading, I noted 44 instances where settling defendants were required to pay civil penalties, and 23 instances that did not involve settlement. The remaining 19 Releases concerned parallel criminal cases brought by DOJ, and any disgorgement and SEC civil penalties were generally offset by the monetary judgments imposed in the criminal case.

Here, Collins and his two co-defendants not only settled with the SEC, but also pleaded guilty in the parallel criminal case. However, during the October 2019 hearing where Collins entered his criminal guilty plea, the Assistant U.S. Attorney told the presiding judge that DOJ would not be seeking any restitution or forfeiture from the three men. Therefore, it was completely left up to the SEC to go after the money. It dropped the ball.

All this raises some interesting questions:

2

1. Why aren't Collins and his two co-defendants being required by the SEC to pay civil penalties?

2. Why isn't Collins jointly and severally liable with his co-defendants for disgorgement of the losses they avoided, plus pre-judgment interest?

3. Why isn't DOJ seeking restitution or forfeiture?

The SEC has a long history of going hard after high-visibility insider traders, such as Martha Stewart. It does this because it doesn't have the resources to go after every insider trader, and it wants to set an example for others who might be tempted to commit securities fraud.

As a Congressman, Chris Collins is about as high-visibility as an insider trader can be. So why is he being let off relatively lightly? True, he may go to prison—as Martha Stewart did—and he also agreed to an injunction against future securities law violations, and a bar from acting as an officer or director of any public company. However, he's 69 years old, so the injunction and bar are largely hollow sanctions.

On January 17th, the judge in the criminal proceeding will announce whether Collins will go to prison, and, if so, for how long. We should hope that Collins will receive an appropriate sentence. We should also hope that Collins' civil settlement with the SEC, which is still subject to court approval, will be rejected, and that the SEC will then renegotiate something consistent with its comparable insider trading settlements.

How Collins avoided a hefty fine: The crooked congressman must pay for his financial crime - New York Daily News

≡ SECTIONS   🔍 SEARCH   **DAILY☉NEWS**   **20¢ A WEEK FOR 20 WEEKS** Sale ends 2/3   → LOG IN

SENATORS BEGIN FIRST ROUND OF QUESTIONS AT TRUMP IMPEACHMENT TRIAL ✕

Queens dad who burned 3-year-old daughter alive in chained car dies of injuries:...



'Devastated' Vanessa Bryant working very hard 'to pull it together for the other girls'...



Kobe Bryant's r through fingerp releases new vi

ADVERTISEMENT

OPINION

# How Collins avoided a hefty fine: The crooked congressman must pay for his financial crime



**By JOHN BRITT**
NEW YORK DAILY NEWS   |   JAN 17, 2020   |   5:00 AM

  

ADVERTISEMENT



He must not get away with it. (Alec Tabak/for New York Daily News)

RECOMMENDED

ADVERTISEMENT

Chris Collins was the first congressman to endorse Donald Trump for president in 2016, and the first congressman to be busted by the Securities and Exchange Commission and Department of Justice for engaging in insider trading while standing on the White House lawn. Why does he seem to be getting preferential treatment by the SEC?

Insider trading is not a victimless crime. The inside-trader is actually stealing from other investors who didn't know the non-public information he knew when he bought or sold the company's stock. The Department of Justice can sue the trader and put him in prison; the SEC can sue him only to recover money, and, for

ADVERTISEMENT

example, bar him from being an officer or director of a public company. Often, both the DOJ and the SEC sue the inside-trader in what are known as "parallel proceedings."

Typically, the SEC goes after the profit made (or, as here, the loss avoided) by wrongdoers, which is called "disgorgement," plus seeks interest on the money the thief stole, and, by law, a penalty of up to three times the amount of disgorgement.

If the inside-trader settles before trial, the SEC will generally limit the penalty to a one-time disgorgement amount. However, if the thief decides to fight, the SEC will seek the maximum penalty possible.

This is standard policy. Experienced attorneys in this field of law know it.

ADVERTISEMENT

[More Opinion] Trumpism in full flower: A close look at his New Jersey rally »

When, in August 2018, the SEC sued Collins and four others — including his son, who Collins tipped, and who then tipped the other three — it officially sought penalties. In fact, when the SEC

ADVERTISEMENT

announced a few days later that it had settled with two of the tippees, they had to pay disgorgement, interest and a one-time penalty.

Over a year later, the SEC announced that it had settled with Collins and the two tippees. Having negotiated several settlements with inside-traders during my 31 years as an attorney with the SEC, I was surprised when the SEC announced the settlement terms. Collins and the two tippees aren't being required to pay any penalties at all.

If Collins, like other tippers, were on the hook for the total amount of disgorgement, plus interest, it would add up to, by my calculations, $794,179 (the three thieves should be collectively on the hook for at least $1.5 million). Not here. Collins owes nothing.

[More Opinion] Reject Dermot Shea's cynical game on bail reform »

Curious whether the SEC's policy concerning insider trading settlements had recently changed, I reviewed the agency's Litigation Releases for 2018 and 2019. I noted 44 instances in which settling SEC defendants were required to pay penalties, including some in which the

tipper hadn't traded but was still on the hook for money.

The Collins settlement is glaringly different.



### The Daily News Flash Newsletter
Weekdays

Catch up on the day's top five stories every weekday afternoon.



At the October 2019 hearing where Collins entered his criminal guilty plea, the assistant U.S. attorney told the judge that DOJ would not be seeking any money (restitution or forfeiture) from the three men. It was left up to the SEC, which dropped the ball.

**MOST READ**

Queens dad who burned 3-year-old daughter alive in chained car dies of injuries: sources



'Devastated' Vanessa Bryant working very hard 'to pull it together for the other girls' since tragic death of Kobe and daughter Gianna



Kobe Bryant's remains ID'd through fingerprints as NTSB releases new video, says chopper was in 'steep descent at high speed' before crash



Why isn't the SEC requiring Collins and the two tippees to pay civil penalties? Why isn't Collins jointly and severally liable with the tippees for disgorgement and pre-judgment interest? Why isn't the DOJ seeking any money?

The SEC has a long history of going hard after high-visibility insider traders, such as Martha Stewart, to deter others. As a congressman, Chris Collins is about as high-visibility as an inside-

trader can be. True, he may go to prison — as Stewart did — and he is enjoined from future insider trading, and barred from acting as an officer or director of any public company.

But he's 69 years old, so the injunction and bar are largely meaningless. Why is he off the hook for the money?

On Jan. 17, the judge in the criminal case will sentence Collins. Separately, let's hope the civil court rejects his SEC settlement, forcing the SEC to go back and do what it should have in the first place.

[More Opinion] The age of haters: Our politics and culture need to break free of resentment »

*Britt served for over 31 years as an attorney with the SEC, including 18 years in the Division of Enforcement and 13 years in the Division of Corporation Finance.*



## U.S. SECURITIES AND EXCHANGE COMMISSION

ABOUT    DIVISIONS & OFFICES    ENFORCEMENT    REGULATION    EDUCATION    FILINGS    NEWS

**ENFORCEMENT**

Accounting and Auditing
Enforcement Releases

Administrative
Proceedings

ALJ Initial Decisions

ALJ Orders

Amicus / Friend of the
Court Briefs

Delinquent Filings

Fair Funds

Information for Harmed
Investors

Litigation Releases

Opinions and Adjudicatory
Orders

Receiverships

Stop Orders

Trading Suspensions

# SEC Obtains Judgment Against Former CEO in Insider Trading Case

### Litigation Release No. 24713 / January 13, 2020

### *Securities and Exchange Commission v. Robert O. Carr and Katherine M. Hanratty*, No. 3:18-cv-01135 (D. Conn. filed July 10, 2018)

The U.S. District Court for the District of Connecticut entered a judgment against Robert O. Carr, a resident of New London, New Hampshire, and the former CEO of Heartland Payment Systems, Inc., for his role in an insider trading scheme. The court ordered Carr to to pay a civil penalty of $250,628 and barred him from serving as an officer or director of a public company for two years.

According to the SEC's complaint, filed on July 10, 2018, Carr provided his longtime girlfriend, Katherine M. Hanratty, with confidential information about a potential acquisition of Heartland by another payment processing company. As alleged, in the weeks leading up to the merger announcement, Carr gave Hanratty $1 million to open a brokerage account, which she used to purchase Heartland stock. The complaint alleged that Hanratty opened the account with Carr's knowledge, made Carr the beneficiary of the account, and purchased more than 11,000 shares of Heartland stock. After the merger was announced, Heartland's stock price rose substantially, and Hanratty sought Carr's advice about when to sell the stock. Hanratty ultimately liquidated her entire position in a single day, for profits of more than $250,000.

On May 10, 2019, the court entered a preliminary judgment by consent, permanently enjoining Carr from violating the antifraud provisions of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder, and ordering him to pay a civil penalty of $250,628. On January 10, 2020, the court issued an order barring Carr from serving as an officer or director of a public company for two years.

The court previously entered a judgment by consent against Hanratty, permanently enjoining her from future violations of the same provisions as Carr and ordering her to pay $250,628 in disgorgement, $27,351 in prejudgment interest, and a $250,628 civil penalty.

*Modified: January 13, 2020*

January 15, 2020

Hon. Vernon Broderick
Federal District Court
40 Foley Square
New York, N.Y.

Dear Your Honor,
     A recent article in our Newspaper requested letters to you to request a longer sentence for Chris Collins.
     I am writing as a constituent in his district to request probation. and community service. He has been a wonderful Congressman, scout leader, and financial contributor to our community. He is a, great man and HATE TRUMPISM should not dictate his sentence,
     Please consider lientrey for him.
                    Sincerely,
                    Dorothy Vienne
                    Richard Vienne

(like news article)

Both positive constituent



January 15, 2020

Hon. Vernon S. Broderick
Federal District Court
40 Foley Square
New York, New York

I hope that the sentence for Chris Collins will be the maximum. He stayed
in the 2018 election proclaiming his innocence even though he knew he was
guilty. We have had no representation in Congress during the critical time
period. Please demonstrate that we have a fair justice system for everyone,
not one for the rich and another standard for the poor. Letters from his rich
and influential friends should not be the determining factor in this case. Mr.
Collins knew he was breaking the law and should pay the full price for this.

Sincerely yours,

Christine Perkins

Defrauded citizen of NY-27

January 12, 2020

Hon. Vernon S. Broderick
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

RE. Sentencing of former Representative Chris Collins

Honorable Judge Broderick;

We are not from former Representative Chris Collin's district but we are from former Representative Louise Slaughter's district (representing parts of the Rochester area).

Rep. Slaughter sponsored the STOCK Act, considered "the most important ethics bill in a generation, to ban insider trading by federal officials." The act prohibits members of Congress and their staffers from trading on information they receive during the course of their duties. The act has now been renamed in her honor.
(https://www.democratandchronicle.com/story/news/2018/09/28/house-moves-rename-stock-act-slaughter/1458029002/)

Former Rep. Collins referred to Representative Slaughter as a "despicable human being" when she initiated a probe into his investment dealings, the same dealings for which he has now pled guilty. The link detailing his response is described in the attached link

https://www.rollcall.com/news/politics/collins-slams-slaughter-as-a-despicable-human-being-for-ethics-review

His response to her accusations is a mirror into his character.

While we know you have received a number of letters of support for a reduced sentence, we argue STRONGLY against any leniency. His behavior is a flagrant violation of the law and disrespectful of the office to which he was elected.

Thank you for your consideration.

Sincerely,

Ann Dozier and Guy Martin

DEAR JUDGE BRODERICK -

I READ IN THE
BUFFALO NEWS THAT MANY
PEOPLE HAD WRITTEN,
ASKING FOR A LIGHT
SENTENCE FOR CHRIS
COLLINS.
PLEASE DO JUST

THE OPPOSITE - CHRIS
COLLINS IS ONE REASON
SO FEW PEOPLE VOTE.
THEY HAVE LOST FAITH
IN OUR GOVERNMENT.
ITS IMPORTANT THAT
HE BE TREATED LIKE
THE CRIMINAL HE IS -
ESPECIALLY BECAUSE
HE WAS AN ELECTED
OFFICIAL.
⇒

1-15-2020

Honorable Judge Vernon Broderick
C/o Surrogate Marshall
US Court House, Chamber 105
Foley Square, NY, NY 10007

Dear Sir,

I am requesting that Chris Collins gets prison time for his transgressions. Even Martha Stewart was thrown in jail and she wasn't an elected official who was supposed to be representing her community. Chris Collins should face the maximum prison time. He is an embarassment to our community and country. He should NOT receive his pension, either. That should be forfeited due to his illegal activities.

Thank You.

Bonnie Scheller

January 9, 2020

Hon. Vernon S. Broderick
United States District Judge
40 Foley Square
New York, NY 10007

**Re:  U.S. v. Christopher C. Collins**
**18 Cr. 567**

Dear Judge Broderick:

I must add my voice to the list of those recommending a harsh sentence for (former) Rep. Chris Collins. I have lived in his district, and near his home for the entire period he served as Erie County Executive and Congressman. I am a life-long Democrat and have always voted against him and held him under wary scrutiny at all times, I freely admit.

However, his attitudes and politics, though disgusting to me, are not the issue here. The issue is a crime for which others should and do receive a much greater sentence. It is a crime committed brazenly by a person of vast wealth by any measure. It speaks of a greed so unnecessary and so arrogant that it becomes difficult to envision any sorrow on the defendant's part except the nerve of society to catch and punish him.

While I would certainly wish him to suffer for the injustices he inflicted on others, for the "stealing" of a district from Kathy Hochul, for the way he "bought" his office by self-financing his campaign (after the County of Erie voters broke precedent by voting him out as an incumbent), I simply ask that his sentence reflect an act of absolute criminality in that it was unnecessary, premeditated, and that he lied from a position of public trust which shows no remorse as it further distorts the needs of the people he was hired to serve.

Respectfully,

Richard Rockford.

Honorable Vernon S. Broderick

My mother always Said "You Play
with fire Your going to get burned!"
Several times Mr. Collins insisted
he did nothing wrong, You must set
an example, please consider
Sentencing Mr. Collins to Maxinm
time in Jail.
We must put an end to Cover
ups and greed.

Thank You for Your Time

Xavier Rolands
Voter in the 27th Congress

Robert M. Titran

██████████████

January 13, 2020

Hon. Vernon S. Broderick
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
New York, NY  10007

Re:  U.S. v. Christopher C. Collins

Dear Judge Broderick,

I am writing to you to simply add my voice to the many others urging you to sentence Chris Collins to the maximum extent allowable under federal guidelines.  Collins knew what he was doing was wrong yet continued to lie about it until his only available option was to admit guilt.  He was under scrutiny for a long time, and had literally years to correct his crooked ways and change course.  He chose not to.  By sentencing Collins to the maximum extent possible, a clear message will be sent to other politicians and power brokers who seek to enrich themselves illegally.

Thank you for your consideration,

Robert M. Titran



Saturday, January 11th, 2020

Hon. Vernon S. Broderick
United States District Judge
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re: U.S. v. Christopher C. Collins, 18 Cr. 567**

Dear Judge Broderick:

We, the Buffalo Chapter of the National Lawyers Guild, are writing to urge you to impose the maximum possible sentence on Mr. Collins. As members of the Western New York constituency, dedicated to the rule of law and good government, we decry Mr. Collins' blatant disregard of his legal and ethical obligations for his own enrichment. Former Congressman Collins violated the public's trust and must be held accountable for his actions. Imposing the maximum sentence on him will serve as a warning to other public officeholders. As New Yorkers, we are acutely aware of the breach of trust exhibited by former public officeholders Dean Skelos and Sheldon Silver, among others. We cannot stress enough the importance of deterring this type of conduct, which disgraces us all and undermines the public trust in our democratic form of government.

Sincerely,

Anna Marie Richmond, Esq.; John N. Lipsitz, Esq.; Joseph Kelemen, Esq.; Drew Friedfertig, Esq.

The Buffalo Chapter of the National Lawyers Guild

Your Honor,

I AM JUST A "CITIZEN"
OF THIS WONDERFUL AMERICAN
NATION.

WHEN I READ ABOUT
CHRIS COLLINS, I COULDN'T
BELIEVE IT.

WE VOTE THINKING
THE PEOPLE WE ELECT WILL
BE HONEST.

I VOTE AND WONDER
IF I SHOULD. DO I REALLY
MAKE A DIFFERENCE.

I READ IN THE PAPER
ABOUT MANY POLITICANS WHO
ARE CORRUPT, AND GET "REALLY"
LIT SENTENCES.

DO I REALLY MAKE
A DIFFERENCE!

WEALTH AND STATIC
SEEMS TO BE THE ONLY THING
THAT MATTERS.

DO THE RIGHT THING AND
MAYBE I WILL KNOW THAT
JUSTICE REALLY WORKS
FOR "ALL!

YOURS TRULY,
Jane M. Andres

Friday
October 9

Dear Judge Broderick,

I urge you to make the
decision to have Chris Collins
serve his prison time. This
man's evasion has gone on long
enough.

Sincerely,
B. Brooke